THE ILLINOIS CONFERENCE FEMALE COLLEGE, Plaintiff in Error, *v.* JOHN D. COOPER, Defendant in Error.

ERROR TO MORGAN.

Corporations possess only such powers as are specifically granted by their charters, or are necessary to carry into effect the granted powers.

A corporation has no right to pass by-laws which will impair the effect of contracts previously made with it.

D. A. AND T. W. SMITH, for Plaintiff in Error.

H. J. ATKINS, and J. L. MORRISON, for Defendant in Error.

BREESE, J.   THIS is a case agreed and certified to this court from the Morgan Circuit Court on the following facts :

In 1854 the plaintiff paid the defendant one hundred dollars for the following certificate of perpetual scholarship :

"No. 86.

"*Perpetual Scholarship, Jan. 11th*, 1854.

"This certifies that John C. Cooper, of Morgan county, and State of Illinois, has become a subscriber of one hundred dollars, towards the permanent endowment of the Illinois Conference Female College at Jacksonville, Ill., one-third of which may be used for building purposes. When the same shall have been paid and indorsed hereon, he will be entitled for himself, his heirs and assigns forever, to the privilege of having one scholar educated in said institution, free from the regular charges for tuition fees, in any or all of the branches required for graduation. When one-fourth of the subscription shall have been paid, he shall be entitled to the use of his scholarship for

a member of his own family, as long as he meets the annual payments and the interest on his note. This scholarship shall be transferable at the will of the holder; but the transfer must be made on the books of the institution, and by a surrender of this certificate; and no transfer will be valid until the entire note, principal and interest, has been paid."

The plaintiff, and his daughter, then being and continuing up to the time of the institution of this suit, non-residents of the town of Jacksonville, where the college is situated. In October, 1858, the plaintiff applied to the president of the college for education of his daughter at the institution, and the president was willing to receive her on the terms (and not otherwise) and provisions of the following by-law, which was passed by the trustees of the college May 12th, 1856:

"Whereas, by the act of the legislature, incorporating this institution, the trustees are vested with power to make and alter by-laws for the government of the school, its officers, agents and servants, and to fix the price of board, tuition and other necessary accommodations for the pupils; and whereas the board of instruction has experienced great difficulty in the proper government of the school, and in advancing the educational interest of the pupils, from the fact that so many non-resident students board in private families through town, where many opportunities are furnished for social meetings of various kinds; and whereas, most of these young ladies have been in the habit of attending said meetings, to the necessary neglect of their studies and to the injury of the institution; therefore, for the purpose of correcting this evil, and feeling it to be a duty incumbent upon us, as a board of trustees, to guard the reputation of the institution, and to aid the board of instruction in the proper government of the school, Resolved, that in future all non-resident pupils shall be required to board in the college, under the immediate watch, care or supervision of the board of instruction, except those who work for their board, and such as may desire to board with near relatives, but not more remote than brother or sister, uncle or aunt."

The plaintiff refused so to send her, and afterwards paid for her education at another institution, before the institution of this suit, sixteen dollars. On the foregoing state of facts, the court, (by consent trying the case without a jury), rendered a judgment against the defendant for one hundred dollars, and the propriety of that judgment is the question referred for decision of this court. The declaration in this case sought to recover back the one hundred dollars paid for the scholarship, which was admitted to be worth one hundred dollars now and when it was bought.

The error assigned, is that the court below ought to have rendered judgment against the said John D. Cooper, and the only point made in the case is, whether Cooper was bound on the principles of just construction of the charter of the institution, by the terms and conditions of the by-law of May, 1856.

The appellant's counsel, on the argument, insisted that the only question, as to the effect of this by-law on the appellee, was, is the by-law reasonable? The charter, which is the fundamental law of the corporation, does not provide in terms, that it may make and alter by-laws for the government of the school, as in the language of the agreed case, but for the government of the corporation, and by which the members of the corporation only could be affected, or parties dealing with them with knowledge of the by-law. The government of a school is usually compassed by such internal regulations as the principal may deem expedient, and not rising to the dignity of by-laws, do not contravene them. The scholarship was purchased two years and more before the enactment of this by-law, at a time when the charter only was before the contracting parties. The purchaser understood by the charter that the corporation had power to make by-laws for its own government, and by section third that the trustees had power to prescribe the course of study, and fix the price of tuition, board and other necessary accommodations for the pupils, but it never could have entered into his conception, that these powers, thus conferred, could be so exercised as to compel him, on pain of forfeiture of the scholarship, to board in the college, under the watch care and supervision of the board of instruction, such pupil as he might present to the institution. His arrangements for boarding may have been more advantageously and agreeably made elsewhere, where his child or protegé would be under the watch care and supervision of faithful and devoted friends, and without charges or expense, though not related by affinity or consanguinity. This very requirement of the by-law, if known, might have prevented the purchase of the scholarship. Though this by-law may be reasonable for the government of the corporation, it must not have the effect to deprive the appellee of an unconditional right which he has purchased at its full value.

A by-law, like any other law, is a rule prescribed to regulate future conduct, not to act retrospectively, by which a forfeiture is incurred, or onerous conditions imposed amounting to a forfeiture. The rule is universal, that a law shall not be construed to have a retro-active effect, unless that intent be clearly expressed by the law giver. No such intent appears in this by-law, and we believe we concede to this corporation all they can rightfully demand by restricting it operation to contracts of

this nature made after its enactment. The by-law may be considered reasonable and proper when thus restricted to cases arising since its enactment, for in all such cases the parties will be understood as contracting with reference thereto.

Corporations are creatures of the law, and possess only such powers as are specifically granted, or are necessary to carry into effect the granted powers. In general, charters are designed to confer upon associations, faculties in respect to the objects for which they are created, that natural persons possess in respect to their own affairs. A corporation has no power to invade the rights of an individual by a by-law, nor, in that way, operate upon or affect injuriously the rights of others. They can contract and be contracted with, and are as much bound by their contracts as natural persons, and cannot without the consent of the other contracting party, impose terms and conditions, before they will perform their contract, not embraced in the contract itself.

Annexing the condition to this scholarship, that the pupil he presented shall board in the college, and be subject to the college charges therefor, is unauthorized, and beyond the power of the corporation to impose by any by-law, and is not within the terms, spirit or meaning of the contract. The judgment is affirmed.

*Judgment affirmed.*

CATON, C. J. I think this judgment should be reversed. This scholarship was subscribed and paid for on the implied understanding that the corporation might make any by-laws for the government of the institution authorized by its charter. I cannot presume that it was the intention of either party that the corporation by receiving this subscription was surrendering any of its charter privileges, and especially a right so indispensable to the well being and good government of the institution as the making necessary by-laws for its proper conduct. It is not questioned that the charter authorized the passage of this by-law, or, that it was unreasonable, or not necessary for the good government of the institution, and the welfare of the pupils. I think the agreement was made with reference to the charter, which in law should be considered as incorporated into and constituting a part of it. The contract should be construed in the light of the charter.