(No. 2571— ▮▮▮▮▮▮)

LAKE ZURICH MILK CO., A CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 30, 1937.*

MICHAEL B. RODERICK, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Chief Justice Hollerich delivered the opinion of the court:

Claimant filed its complaint herein on January 8th, 1935, and alleges therein substantially as follows:

That on or about June 20th, 1933 claimant entered into a written contract with Chicago State Hospital at Dunning, in which it agreed to supply said hospital with milk and cream during the months of July, August and September, 1933, at the following prices, to wit: 12½c per gallon for milk, and 10½c per pint for cream.

That on July 28th, 1933 an order was issued by the Secretary of Agriculture of the United States establishing a so-called Milk Code in the Chicago area, effective August 1st, 1933, which code purported to fix the re-sale price of milk in that area at 30c per gallon.

That prior to the establishment of such milk code, claimant paid the farmer $1.45 per cwt. for Class I milk, and 84c for surplus milk, and delivered to the respondent nothing but surplus milk; that after the code became effective, claimant was required to pay the farmer $1.75 for Class I milk, and was also required to deliver Class I milk to the hospital; that by reason thereof, it lost 91c per cwt. on all milk delivered to the hospital during the months of August and September, 1933, to wit, 307,275 pounds.

That claimant delivered 18,000 gallons of milk to the respondent during the month of August, and 17,550 gallons during the month of September, and on account of the requirements of such milk code, sustained a loss of 12½c per gallon on the amount so delivered.

The Attorney General has entered a motion to dismiss the case for the reason that there is nothing in the complaint

to indicate that the milk which was delivered by the claimant to the respondent was not paid for at the contract price; that having paid the contract price therefor, respondent is discharged from any further liability to the claimant; in short, that claimant is not entitled to recover anything whatsoever over and above the contract price.

Section 41 of The Uniform Sales Act of this State, Bar Association Revised Statutes, 1935, Chap. 121a, Par. 44, provides as follows:

"It is the duty of the seller to deliver the goods and of the buyer to accept and pay for them, in accordance with the terms of the contract to sell or sale."

In this case the seller delivered the goods and the buyer paid for the same in accordance with the contract of sale. The complaint does not aver, nor does the proof show any provisions of such contract which purport to cover a contingency such as arose in this case. If it was intended to provide against any such contingencies, adequate provision therefor should have been made in the contract.

The case of *Thomson* vs. *Thomson,* 315 Ill. 521, involved contracts made on May 23d and June 12th, 1917, for July delivery of 20,000 bushels of corn. On account of the exigencies of war demands, it would have been extremely difficult if not impossible for the seller to deliver the corn at the time specified in the contracts. In that case, however, the purchases were made in accordance with and subject to the rules, regulations and customs of the Board of Trade of the City of Chicago. On July 5th, 1917 the Board of Trade adopted a resolution fixing a price which should be the basis of settlement for all contracts made prior to that date; and the Supreme Court held that under the provisions of the purchase agreement, settlement was required to be made on the basis of the price fixed by resolution of the Board of Trade. In considering the question as to the effect of a contract for purchase or sale containing no such provisions, the Supreme Court, on page 526, said:

"One who contracts cannot be relieved from the obligation of his contract which binds him to perform his agreement, and he cannot be deprived of the benefit of his lawful contract, and the rights which it confers upon him, without his consent, and in every case the question is what the contract was and what obligation it created. A party to a contract has no right to impose a condition not provided for in the contract itself. (*Illinois Con-*

*ference Female College* vs. *Cooper*, 25 Ill. 148.) Neither would it be any defense in such case that by reason of the declaration of war against Germany on April 6, 1917, and the unusual conditions resulting, and sure to result in the future, in abnormally high prices, which would have enabled purchasers to compel sellers to settle their contracts at extortionate prices, the Board of Trade, by resolution of the board of directors, provided that after July 5, 1917, settlement of the contract in question should be made in the manner in which they were made. Neither would it be any defense to a suit for damages resulting from a breach of such contract that a compliance with such contract would entail great hardship upon defendants, or that by reason of the exigencies of the World War the fulfillment of the contract would be rendered extremely difficult, or even impossible, where defendant has failed to limit in the contract his liability in respect to such contingencies. *Illinois Central Railroad* vs. *McClellan*, 54 Ill. 58; *Illinois Central Railroad Co.* vs. *Cobb, Christy & Co.*, 64 id. 128; *Toledo, Wabash and Western Railway Co.* vs. *Lockhart*, 71 id. 627; *Phelps* vs. *Illinois Central Railroad Co.*, 94 id. 548."

The case of *Thomson* vs. *Thomson* was cited with approval in the case of *Green* vs. *Ashland State Bank*, 346 Ill. 174-184, and is decisive of the question here involved.

Under the law as above set forth, plaintiff has no right to recover under the facts set forth in the complaint, and the motion of the Attorney General to dismiss the case must be sustained.

Motion to dismiss allowed. Case dismissed.