Horatio O. Stone and Thomas W. Magill, copartners as H. O. Stone & Co., Defendants in Error, v. Peter F. Deahl, Plaintiff in Error.

### Gen. No. 16,484.

1. BROKERS—*evidence of employment.* Where, on an issue whether a firm was employed by a joint owner to secure the extension or renewal of a mortgage loan, a witness testifies that defendant telephoned him that the commission was too high, that witness answered that it was impossible to make better terms, to which defendant replied "All right then, go ahead," which conversation is denied by defendant, and there is some corroborating evidence on both sides, the question is one of conflicting testimony and a verdict for the plaintiff will not be disturbed.

2. BROKERS—*liability of owner of half interest.* The fact that a person employing a firm to secure the renewal or extension of a mortgage loan is the owner of only an undivided half of the mortgaged premises and has no authority to contract for the co-owner, does not relieve him of liability for commissions.

Error to the Municipal Court of Chicago; the Hon. George J. Cowing, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed November 18, 1912.

Robert S. Iles and Robert D. Martin, for plaintiff in error.

M. J. Dunne, for defendants in error.

Mr. Justice Baker delivered the opinion of the court.

The claim of the plaintiffs in this case was that the defendant, Peter F. Deahl, employed them to secure a renewal or extension for five years at five per cent. of a loan of $12,000, secured by mortgage on certain real estate, and agreed to pay them a commission of one and one-half per cent. therefor; that plaintiffs under such employment secured a person ready, able and willing to so extend or renew said loan, but defendant refused to carry out the agreement on his part. The defendant denied that he employed the plaintiffs to secure an extension or renewal of said loan. The real estate on which said loan was secured was owned by defendant and his brother, Uriah S. Deahl, and on it there was a mortgage for $15,000, made by a former owner, which fell due November 1, 1909. The Deahls authorized one Durland to secure and submit to them propositions for a renewal of the loan, and he secured from the plaintiffs and submitted to the Deahls, September 1, 1909, an offer to secure a renewal for five years at five per cent. and one and a half per cent. commission if $3,000 was paid on the principal. Schweizer, assistant manager of the loan department of the plaintiffs, testified that September 21, 1909, Peter Deahl telephoned him that he had received from Durland plaintiffs' proposition for the renewal of said loan for $12,000 at five per cent. and one and a half per cent. commission, and thought the commission pretty high; that witness answered that it was impossible to make better terms and Deahl replied, "All

right then, go ahead.'' Peter Deahl denied that he had any such conversation by telephone or otherwise with Schweizer. There is in the record some evidence tending to corroborate Deahl and other evidence tending to corroborate Schweizer. We think that the question whether Peter Deahl employed plaintiffs to secure a renewal or extension of the loan for $12,000 on the terms stated by Schweizer is one of conflicting testimony, where the finding of the court is conclusive.

The fact that Uriah S. Deahl was the owner of an undivided half of the mortgaged premises and that Peter had no authority to contract for Uriah does not affect the question of Peter's liability on his contract.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

*Nunc pro tunc* as of January 9, 1911.