Hyman Goldstein, Appellant, v. Sol Rosenberg, Appellee.

Gen. No. 44,056.

Opinion filed May 19, 1947. Released for publication June 3, 1947.

SIDNEY J. GOLDSTEIN, of Chicago, for appellant.

IRVING S. BERMAN and BRODKIN & BIEBER, all of Chicago, for appellee.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff appeals from an order striking his complaint and dismissing his cause.

The complaint alleges that plaintiff is a duly licensed real estate broker with whom defendant had listed certain real estate for sale; that plaintiff procured a purchaser and on November 27, 1945, plaintiff and the purchaser entered into an agreement, a copy of which was attached to the complaint, whereby the defendant had agreed to sell and the purchaser procured by plaintiff agreed to buy the real estate in question;

that simultaneously with the execution of that agreement defendant executed and delivered to plaintiff a writing under which he agreed to pay plaintiff $1,300 in full payment of his commission "on the consummation of the sale of the real estate" under contract of even date between the purchaser produced by plaintiff and defendant. The complaint further alleges "that thereafter the defendant refused to comply with the terms and conditions of said real estate contract and failed to close the said deal, all the while the purchaser being ready, willing and able to purchase said property and demanding that the sale be consummated," and that defendant thereafter sold the property to other purchasers and has not paid the commission due plaintiff.

Defendant's position is that the consummation of the deal was a condition precedent to his obligation to pay a commission, even though the failure to consummate the deal was due to his fault. This position is untenable. Defendant cites a number of cases, in most of which the purchaser defaulted in the performance of his contract. The better rule, consistent with honesty and fair dealing, is that the seller cannot take advantage of a condition precedent the performance of which he has rendered impossible. *Stern v. Gepo Realty Corp.,* 289 N. Y. 274; 12 Am. Jur., Contracts, § 329; Restatement of the Law, Contracts, § 295; Williston on Contracts, Rev. Ed., vol. 3, § 677.

The order appealed from is reversed and the cause remanded with directions to proceed in conformity with this opinion.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and FEINBERG, J., concur.