Paul Hess, Plaintiff-Appellee, v. Federal Tool Corporation, an Illinois Corporation, Defendant-Appellant.

## Gen. No. 49,671.

First District, Second Division.

February 23, 1965.

James J. O'Meara, Jr., of Chicago, for appellant.

Keane, Lancaster, Keane, Gomberg & Bolton, of Chicago (Harold M. Nudelman, of counsel), for appellee.

MR. JUSTICE BRYANT delivered the opinion of the court:

This is an appeal from a judgment entered in the Circuit Court of Cook County, Illinois, February 13, 1964, denying defendant-appellant's motion for a finding and judgment in its favor at the close of the plaintiff's case. The motion being denied, defendant appeals, urging as error the failure of the trial court to enter judgment for defendant.

On October 10, 1950, the appellant and the appellee's assignor, Ruclair Products, Inc., entered into a contract whereby Ruclair sold to the appellant dies, tools, equipment, trademark and inventory pertaining to a device apparently used in home canning known as "Hotongs." The total sales price was $15,000, of which $4,000 was paid upon the execution of the contract. The contract states that "the balance of Eleven Thousand Dollars ($11,000) [is] payable in monthly installments in amounts, equal to 10% of the dollar value of sales of Hotongs manufactured and sold during the previous month, commencing on the 25th of November, and continuing on the 25th of each month thereafter."

The complaint alleged that the appellant had refused to manufacture and sell Hotongs in violation of its contract. It is not disputed here that in addition to the original $4,000 payment, $1,079.97 was paid between the time the contract was entered into and

February, 1955. Nothing else had been paid since that date.

The appellee's evidence consisted of his own testimony to the effect that he was the assignee of Ruclair Products, Inc., and that the appellants knew he was the assignee. He also testified there had been no payments made since February of 1955, nine years before the trial took place.

This was the sum and substance of the appellee's testimony. The Court below held that this constituted a prima facie case, and it is this conclusion which the appellant challenges.

There are two theories on which the appellee could sustain his claim. The first is that a reasonable inference that no sales were made could be sustained from the fact that no payments were made over a nine-year period, and from this another inference that no attempt was made to sell the product. The second theory is regardless of whether the appellant did or did not try to make sales, the contract was for a sum certain and was payable in full within a reasonable time if the 10% payments in the contract did not bring enough money to pay the debt.

■■ As to the first theory, we agree the reasonable inference can be made from the fact that no money was paid, that no sales were made. We cannot agree, however, that a reasonable inference may be drawn that no attempts were made to sell the product. There was no evidence as to whether the appellant carried the product in its catalogues during this period of time, none of the appellant's officers were called upon to testify as to what had been done to promote and sell the product, and no evidence was offered to show that there was any market for this or similar products. Lacking all this evidence, we see nothing in the record which tends to prove that the appellee had abandoned

157

its attempt to sell Hotongs. Brubaker v. Gould, 34 Ill App2d 421, 180 NE2d 873 (1962).

Concerning the second theory, that the remaining $11,000 was due within a reasonable time no matter what the sales of the product might turn out to be, we see no evidence to support such a claim. The appellee cites several cases in his brief which hold that various conditions of payment in a contract were only apparent conditions and that payment was due within a reasonable time whether or not the condition was performed.

■ A contract should be interpreted so as to give effect to the intention of the parties. Bonde v. Weber, 6 Ill2d 365, 128 NE2d 883 (1955). The difficulty here is that the contract is ambiguous. From the language of the contract it can be argued that the sale price is $15,000, the intent of the parties was that this amount should be paid whether sales were made or not and that the reference to the 10% of the dollar value of sales merely refers to the expected source of the money. This is what the cases cited by the appellee hold with reference to the contracts there in issue. Levit v. Bowers, 2 Ill App2d 343, 119 NE2d 536 (1954); Goldstein v. Rosenberg, 331 Ill App 374, 73 NE2d 171 (1947); Allen v. Estate of Henry P. Allen, 217 Ill App 260 (1921); Gruaz v. LeCrone, 45 Ill App 624 (1892).

■ It can just as easily be urged from the contract that the parties intended to make the payment of the balance stated therein contingent on sales being made. It is clear that one of the two alternatives mentioned was intended by the parties. The appellee in urging that the money was due whether or not the product was sold had the burden of proof on the issue. Caley v. Manicke, 29 Ill App2d 323, 173 NE2d 209 (1961).

We have seen no evidence in the record which has any tendency to prove the parties intended the debt to be unconditional. In the cases cited by the appellee there was external evidence to clarify the ambiguity

158

of the contracts. The courts in those cases could say with a fair degree of certainty that the parties intended the debt to be paid whether the supposed contingency relevant to each contract was met or not. We cannot do that here. The record is devoid of any inference one way or the other as to what the parties intended. That being so, we are forced to conclude that the appellee did not establish a prima facie case. The judgment is reversed and the cause remanded with directions to enter a judgment for the defendant (appellant) and against the plaintiff.

Judgment reversed and cause remanded with directions.

BURKE, P. J. and LYONS, J., concur.