CELESTE ITALIAN FOODS, INCORPORATED, Plaintiff-Appellee, *v.* ALPHONSE H. CHOYCE, Defendant-Appellant.

(No. 56154;

First District—December 15, 1972.

Posanski, Krohn & Jacobs, of Chicago, for appellant.

Orlikoff, Prins, Flamm & Susman, of Chicago, (Arnold M. Flamm and Thomas D. Hanson, of counsel,) for appellee.

Mr. JUSTICE ENGLISH delivered the opinion of the court:

This suit was brought by plaintiff-purchaser against defendant-seller for the return of earnest money paid to seller pursuant to a written contract, and for punitive damages for conversion. The trial court, hearing the case without a jury, found for plaintiff in the amount of the earnest money, and defendant now appeals from that judgment.

On December 15, 1967, plaintiff corporation, wholly owned by Emanuel Lizio, his brother, Patrick Lizio, and their mother, entered into a written contract for the purchase of improved realty adjacent to property which it already owned. The contract form was prepared by defendant. One of the terms provided that the contract would be null and void if financing were not secured, and that upon buyer's default, the

earnest money would be forfeited as liquidated damages. Emanuel Lizio, as Vice-President of plaintiff corporation, signed the contract for the purchaser, and defendant, a beneficiary of the land trust covering the premises, signed for the seller as trustee for said land trust. The purchase price was $120,000, and plaintiff gave defendant a $2000 check for the earnest money payment.

About a week after the contract was signed, Patrick Lizio, on behalf of plaintiff corporation, applied to First Savings of La Grange Park for a loan of $88,000 for 25 years with 7% interest. The application was refused by the bank.

On March 5, 1968, defendant and the two Lizio brothers met at plaintiff's office, at which time plaintiff gave defendant a $5000 check and defendant returned the original $2000 check. The only reason plaintiff agreed to increase the earnest money payment was because defendant had stated that he could secure the financing.

Patrick Lizio tried many times to call defendant to discuse the financing problem, and when Lizio finally contacted defendant in April, 1968, defendant stated, "I don't see what problem you have with the financing. I can get the financing for you." Defendant told Lizio to call the First National Bank of Schiller Park, but when Lizio called that bank, the person he spoke to knew about the premises, but "had no knowledge whatsoever of what [Lizio] was talking about." Lizio again tried to contact defendant, but with no success. Finally, in September or October, 1968, Lizio waited near the building on defendant's property, while defendant was collecting rents, and when they met, Lizio told defendant that he could not secure financing, and that the Schiller Park bank had not known what he was talking about when he called. He then demanded the return of his deposit and threatened to get in touch with his lawyer if he did not get his money back. Defendant replied, "Go ahead. I've never lost a case like this before."

On October 8, 1968, plaintiff's attorney sent a letter to defendant which recited that plaintiff could not secure the necessary financing, and that if the earnest money were not returned, legal action would be taken.

■■ The only issue defendant raises on appeal is whether plaintiff established by a preponderance of the evidence that the contract became null and void because financing could not be secured. Defendant argues that plaintiff did not sustain its burden of proof since the evidence showed that financing was available and could have been secured. To that effect, defendant testified that there was an existing first mortgage on the property at St. Anthony's Savings & Loan Association of $84,000 with an outstanding balance of $78,000, and a loan by the Schiller Park

bank of $22,000 secured by the beneficial interest. Defendant testified that he proposed a plan to the Lizio brothers on March 5, 1968, when the earnest money payment was increased, whereby plaintiff would assume the existing mortagage and the Schiller Park bank loan and defendant, himself, would accept a purchase money junior mortgage for whatever additional amount might be required on the balance.

The conflict in the evidence was decided by the trial judge in favor of plaintiff and we cannot conclude that his decision was contrary to the manifest weight of evidence. Determination of the credibility of the witnesses is, of course, his function and not ours. The judgment must therefore be affirmed.

■■ Additionally, or in the alternative, we find that the contract is null and void because defendant did not have the capacity to contract for the sale of the property. The sale contract, stating that "Celeste Italian Foods, Inc. agrees to buy  *  *  *  and Alphonse H. Choyce, Trustee for Chicago Title and Trust Company Trust #45921 agree to sell *  *  *," was signed by Emanuel Lizio, as Vice-President of the plaintiff-purchaser, and by "Alphonse H. Choyce, Trustee Trust #45921" for the seller. In his testimony, however, defendant stated that he was neither the owner of the property in question nor an agent of the trustee of the land trust covering such property, but merely one of the beneficiaries of said trust.

■■ Although the beneficiary of a land trust has the power to manage the trust property, it is only the trustee who has the power to convey title to said property. (*Madigan v. Buehr*, 125 Ill.App.2d 8, 260 N.E.2d 431; *Feinberg v. Great Atlantic & Pacific Tea Co.*, 131 Ill.App.2d 1087, 266 N.E.2d 401.) In those instances where the courts have allowed a beneficiary to contract to sell the trust property, the seller has been the sole beneficiary (or all the beneficiaries) with authority to direct the trustee, and the purchaser has known that he was dealing with such a beneficiary, or the beneficiary has contracted expressly to exercise an existing and acknowledged authority under the trust instrument to direct the trustee to issue a deed. (See *Burns v. Epstein*, 413 Ill. 476, 109 N.E.2d 774 and *Brannen v. La Salle Nat. Bank*, 18 Ill.2d 116, 163 N.E.2d 476.) In the instant case, however, defendant admitted that "there are other beneficiaries to that trust, too." And because defendant represented himself to be the trustee, or the trustee's trustee, plaintiff, although aware that the property was part of a trust, was unaware of defendant's true status in relation thereto.

The trust agreement was not made a part of the record, and a search of the evidence discloses no proof that defendant was the trustee of the

land trust, or had the authority to act on behalf of the trustee.* We find, then, that it was beyond the power of defendant to convey title to the premises, or contract so to do. The contract being null and void, the earnest money payment was properly returned to plaintiff for this reason also. *Schneider v. Pioneer Trust & Sav. Bank,* 26 Ill.App.2d 463, 466, 168 N.E.2d 808, 809.

The judgment of the circuit court is affirmed.

Judgment affirmed.

LORENZ, P. J., and DRUCKER, J., concur.

---

* In the body of the sale document, defendant described himself as "Alphonse H. Choyce, Trustee for Chicago Title & Trust Company Trust #45921," a capacity which seems to pass somewhat beyond the border of reality. In signing the document, defendant changed the description of his capacity to read, "Alphonse H. Choyce, Trustee Trust 45921," a capacity which his own testimony negated.