ROBERT D. HAAS et al., d/b/a HAAS AND HODGES REAL ESTATE AGENCY, Plaintiffs-Appellants, v. AVIE E. COHEN et al., Defendants-Appellees.

(No. 72-271;

Third District—April 10, 1973.

Harold H. Kuhfuss, of Pekin, for appellants.

Dorothea O'Dean, of Rock Island, and Joseph J. Solls, Sidney D. Davidson, and John F. Sloan, all of Peoria, for appellees.

Mr. JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment entered by the Circuit Court of Tazewell County in favor of the defendants, denying to the plaintiffs a recovery of a commission for selling real estate. The defendants, Avie Cohen and Robert Muzzy, each owned an interest in certain real estate located in Pekin, Illinois on which they built an apartment house in 1967. Haas & Hodges Real Estate Agency operated by the plaintiffs, Robert Haas and John Hodges, appellants, had engaged in activity in respect to the property since 1967, both as a rental agency for the leasing of the apartments and as a broker to sell the real estate.

Cohen, who lived in Peoria, did business both in Peoria and in Pekin, while Muzzy lived in Wheaton and only visited Pekin occasionally. Cohen had handled all matters concerning the construction, the leasing and the negotiations for the sale of the property. In 1967, soon after the apartment house was built, Cohen first signed a listing agreement with the plaintiffs' agency, which Muzzy did not sign although he did have knowledge of it. Three years later in 1970, the listing contract in issue in this case was signed by the plaintiffs' agent, Mayhugh, and by the defendant, Cohen. The real estate agency agreed to try to find a purchaser for a price of $236,000 with a commission of $16,000 to be paid to the plaintiffs upon consummation of the sale. The following month a prospective buyer, Robert Fuller, who was procured by the plaintiffs, offered to buy the real estate and a detailed offer to purchase signed by Fuller was submitted to Cohen and accepted by Cohen by placing his signature thereon. The defendant Muzzy had not signed the listing contract or the offer to purchase. When the deal was ready to be closed, Cohen and Muzzy refused to perform. The defendants urged that both the listing contract and the offer to purchase were subject to a condition precedent and unenforceable.

At the trial Cohen testified that both the listing contract and the offer to purchase were "subject to Muzzy's signature" and that he had only signed in his own behalf. The plaintiffs' agent, Mayhugh, and Hodges, one of the plaintiffs, testified that nothing had been said about obtaining Muzzy's signature at the time Cohen signed the agreements. Muzzy denied having any authorization to Cohen to act as his agent in the sale of the property, although he did admit knowledge that Cohen had listed the property with Haas and Hodges.

■■ The defense of a conditional execution was supported by Cohen's testimony, to which the plaintiffs objected at the trial. Ordinarily parol

evidence is not admissible to vary, alter or contradict the terms of a written contract, which also would include a situation where a condition which is not provided for in the contract is imposed by parol. (*Green v. Ashland Sixty Third Bank*, 346 Ill. 174, 178 N.E. 468.) If, however, parol evidence is offered to show that a contract was intended to take effect only upon compliance with a certain condition it is admissible. (*Kilcoin v. Ortell*, 302 Ill. 531, 135 N.E. 16.) According to *Kilcoin*, the rule is that possession of a document unconditional by its terms by a party seeking to enforce an agreement is presumptive evidence, although not conclusive, that the agreement is binding and in full force and effect according to its terms. The strength of such a presumption is enhanced and may not be lightly disregarded where, as in the instant case, the alleged condition could have been easily included as a term of the document and the failure to do so is unexplained. Cohen had alleged in the pleadings that the contract was conditioned upon Muzzy's signature. Evidence that there was a condition precedent to the existence of the contract is admissible. It was, therefore, proper for the trial judge to admit evidence of the condition offered by Cohen.

■■ It is well settled that a party asserting a fact or issue generally has the burden of proof as to such fact or issue. (*Noyes v. Gold*, 310 Ill.App. 1, 34 N.E.2d 1.) The condition affirmatively alleged by Cohen in his answer was not part of the written agreement nor was there any evidence of the condition except for Cohen's testimony. Those present at the signing denied the existence of a condition or even any discussion of one. Cohen alone had been in charge of the entire operation since 1967, which included the construction, leasing, and the listing of the property for sale. Throughout the plaintiffs' entire course of dealings with the property it was only Cohen who had dealt directly with the plaintiffs, and he had also held himself out to the plaintiffs to be in charge of the property. Cohen admitted that he alone signed previous listing agreements prior to his signing of this listing agreement and that such agreements were not conditioned upon Muzzy's joinder. The new listing agreement changed the purchase price from $260,000 to $236,000 representing Cohen's decision to accept $220,000 net, if such an offer could be secured.

Cohen, having admitted that he signed the listing agreement, said that he intended it to be binding in his own behalf although conditional on Muzzy's signature. One month later, however, Cohen alone signed the contract for sale with the prospective buyer without even inquiring of the plaintiffs, who submitted the offer to purchase, whether Muzzy had signed the listing agreement. Cohen claimed again that his acceptance of the offer to purchase was conditional on Muzzy's concurrence.

Also there was evidence that after Mayhugh had severed his relationship with the plaintiffs and after this litigation had commenced, Cohen offered to let Mayhugh sell the property, if he could "recall" that Muzzy was to approve the listing agreement. Cohen, called as an adverse witness by the plaintiffs under Sec. 60, admitted calling Mayhugh after this litigation commenced. He neither admitted nor denied making the offer contingent on Mayhugh's memory, merely indicating that he could not remember such offer. He did, however, concede that he may have offered to list the property if Mayhugh's testimony would be favorable. All of these facts are inconsistent with any allegation that there was a condition precedent to the existence of the listing agreement.

■■ The plaintiffs in their complaint alleged that Cohen had acted for Muzzy in signing the listing contract and the offer to purchase. Muzzy denied his liability based on the fact that he did not sign the contract himself nor did Cohen sign as his agent. Muzzy testified that he had never authorized Cohen to act as his agent in listing the property for sale nor in signing the proposal to purchase. Also he testified that there was no partnership agreement between them. Sufficient evidence was not presented to prove any agency, partnership or a joint venture relationship between the co-owners of the property. The trial judge, therefore, properly found for the defendant Muzzy since he could find from the evidence that the plaintiffs had not proved that in signing the listing contract Cohen was also signing for Muzzy.

■■ The fact that the person employing a broker owned only a part interest does not relieve him from liability to the broker for commissions whether or not he had authority to contract for his co-owner. (*Stone v. Deahl*, 174 Ill.App. 421.) Since Cohen admitted that he signed the listing agreement intending to be bound by it, he is liable for the commission despite the fact that he had no authority to contract for Muzzy.

■■ It was contended by Cohen that the brokers were not entitled to their commission because the offer to purchase was unenforceable. Where a broker enters into a listing agreement with the property owner and he procures a purchaser ready, willing and able to purchase upon the terms proposed by the seller, the broker is entitled to his commission. (*Fox v. Ryan*, 240 Ill. 391, 88 N.E. 974.) Cohen alleged that the purchaser had offered to purchase on terms other than those proposed by the seller. The listing contract stipulated a price of $236,000. In his offer to purchase tendered by the prospective purchaser, the consideration offered was $236,000 but the terms of payment were different than those specified in the original listing contract. We find that the plaintiffs are entitled to a commission even though these terms were not set forth in the listing contract. When Cohen signed the offer to purchase with the

buyers, this showed that Cohen was in agreement with all of the terms. The listing contract specifically provides for payment of commission "in the event you find a purchaser ready, willing and able to buy said estate, * * * during said time for the price and upon the terms named herein, for any other price or terms, or consideration acceptable to * * *." The cases cited by Cohen are not applicable since they concern sales contracts signed by the broker on behalf of the seller (*Hoyt v. Shepherd*, 70 Ill. 309), and also a sales contract which the seller refused to sign because of additional terms. (*Katz v. Brooks*, 65 Ill.App.2d 155, 212 N.E.2d 508.) Here Cohen signed the contract in his own behalf approving and accepting the terms.

■■ The plaintiffs had produced a buyer who remained ready, willing and able to purchase up until the time when the defendant refused to perform. The fact that the seller may not be the sole owner of the property neither renders the sales agreement unenforceable nor affects the seller's liability under the listing agreement where the broker has performed according to its terms. According to the rule set forth in *Goldstein v. Rosenberg*, 331 Ill.App. 374, 73 N.E.2d 171, when a broker is to receive a commission upon consummation of a sale, he is entitled to the commission should the transaction fail due to the fault of the principal.

For the foregoing reasons, we find no error in the judgment of the Circuit Court of Tazewell County in favor of defendant Muzzy, but we do believe the court erred in its judgment finding Cohen not liable. Accordingly, the judgment in favor of Cohen is reversed and remanded with directions that the trial court proceed in accord with the views expressed herein.

Judgment affirmed in part and reversed in part and remanded.

SCOTT, P. J., and DIXON, J., concur.