ERBACH & HAUNROTH REALTORS, Plaintiff-Appellee, *v.* PERLE BURNETT, Defendant-Appellant.

(No. 60374;

First District (5th Division)—July 25, 1975.

George E. Faber, of Chicago, for appellant.

Barry B. Kreisler, of Chicago, for appellee.

Mr. PRESIDING JUSTICE BARRETT delivered the opinion of the court:

Defendant appeals from an order of the circuit court entered on February 13, 1974, confirming the award of an arbitrator in favor of plaintiff and an order entered March 7, 1974, denying defendant's motion to set aside the order of February 13, 1974. Defendant's briefs are addressed only to the order of February 13, 1974. Hence, we shall ignore the notice of appeal on the March 7, 1974, order.

Inasmuch as this cause had its inception in the complaint of plaintiff to confirm the award of an arbitrator in the amount of $4,841 in favor of plaintiff and against defendant, under section 11 of the Uniform Arbitration Act of Illinois (Ill. Rev. Stat. 1973, ch. 10, par. 111), the court was necessarily confined in its consideration of the pleadings and arguments

to the provisions of the Uniform Arbitration Act. Section 12 and section 13 of that Act (Ill. Rev. Stat. 1973, ch. 10, pars. 112 and 113), spell out in detail the remedies available to a party against whom an arbitrator has made an award, as follows:

"§ 12. Vacating an award.) (a) Upon application of a party, the court shall vacate an award where:

(1) The award was procured by corruption, fraud or other undue means;

(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any one of the arbitrators or misconduct prejudicing the rights of any party;

(3) The arbitrators exceeded their powers;

(4) The arbitrators refused to postpone the hearing upon sufficient cause being shown therefor or refused to hear evidence material to the controversy or otherwise so conducted the hearing, contrary to the provisions of Section 5, as to prejudice substantially the rights of a party; or

(5) There was no arbitration agreement and the issue was not adversely determined in proceedings under Section 2 and the party did not participate in the arbitration hearing without raising the objection; but the fact that the relief was such that it could not or would not be granted by a court of law or equity is not ground for vacating or refusing to confirm the award.

\* \* \*

§ 13. Modification or correction of awards.) (a) Upon application made within 90 days after delivery of a copy of the award to the applicant, the court shall modify or correct the award where:

(1) There was an evident miscalculation of figures or an evident mistake in the description of any person, thing or property referred to in the award;

(2) The arbitrators have awarded upon a matter not submitted to them and the award may be corrected without affecting the merits of the decision upon the issues submitted; or

(3) The award is imperfect in a matter of form, not affecting the merits of the controversy.

(b) If the application is granted, the court shall modify and correct the award so as to effect its intent and shall confirm the award as so modified and corrected. Otherwise, the court shall confirm the award as made.

(c) An application to modify or correct an award may be joined in the alternative with an application to vacate the award."

The trial court did not have before it the record before the arbitrator and was not entitled to it. Neither is this court. The entire record in this court is relatively short and consists of a very simple complaint which alleges that the parties hereto entered into a real estate listing contract which contained a provision for arbitration in the event of a controversy; that a controversy arose; the parties proceeded to arbitration; that the arbitrator rendered an award in favor of the plaintiff; and that the defendant had not paid the award and prays judgment against the defendant in the amount of the award. There is no suggestion in the record that defendant resisted arbitration in any manner as she had a right to do under section 2 [1] of the Uniform Arbitration Act. Defendant filed an answer to the complaint and affirmative defenses. She alleged therein that the "legal title to the parcel of real property which was the basis of the arbitration award referred to in plaintiff's complaint is held in a land trust"; that she is only one of several beneficiaries of the land trust and had no authority to enter into the alleged agreement on behalf of the other beneficiaries and that therefore, if she "is liable to the plaintiff, she is liable to it only to the extent of her beneficial interest in that land trust." Defendant further alleged that the "agreement" which was the basis of the arbitration award "was neither executed by nor approved by" her and therefore "no contract ever arose between the plaintiff and the defendant." There followed a series of motions by both parties which the trial court apparently took with the case. No orders were entered on any of the motions, the first order in the record being the order of February 13, 1974, confirming the award. That order is as follows:

"This matter coming on to be heard as previously set by this court and the court having heard arguments of counsel and being advised in the premises,

It is hereby ordered that the arbitrator's award is hereby confirmed."

This is the order appealed from.

Nowhere in her answer or affirmative defense had defendant attempted to avail herself of the grounds to vacate or modify the arbitrator's award. We believe we could affirm the trial court's confirmation of the award on

---

[1] § 2. Proceedings to compel or stay arbitration.) (a) On application of a party showing an agreement described in Section 1, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise, the application shall be denied.

this ground alone, but feel it advisable to consider the respective contentions of the parties evidenced by the briefs filed herein. No oral argument was heard.

Defendant contends, and it is her sole contention on appeal, that the listing agreement signed by her was void and unenforceable because she was only a one-third beneficial owner of the real property involved and, therefore, there was no arbitrable agreement to support an award. It must be presumed that defendant made the same argument before the arbitrator and he found to the contrary. On the question of whether there was an arbitrable agreement, defendant could have sought judicial determination of the question before going to arbitration. (Ill. Rev. Stat. 1973, ch. 10, par. 102.) She did not do so.

Plaintiff contends that the law applicable to the requirements of a land trustee to sign all documents pertaining to the property in question, with some exception, is not relevant to the issue of commission due a real estate broker under a listing agreement when the broker produces a ready, able and willing buyer and that the listing agreement binds the signer even though it does not bind the cobeneficial owners. Plaintiff further contends that a listing agreement is a simple contract for services rendered the signer, who becomes personally liable on performance by the broker, regardless of the status or type of title to the property involved. We agree with the plaintiff.

■■■ Neither this court nor the circuit court could try the facts of a case which were considered by the arbitrator. (3 Ill. L. & Pr. *Arbitration and Awards* § 51 (1953).) Such being the case, the law which establishes the personal liability of the signer of a listing agreement is clear. In *Haas v. Cohen*, 10 Ill.App.3d 896, 900, 295 N.E.2d 28, the court said:

> "The fact that the person employing a broker owned only a part interest does not relieve him from liability to the broker for commissions whether or not he had authority to contract for his co-owner. (*Stone v. Deahl*, 174 Ill.App. 421.) Since Cohen admitted that he signed the listing agreement intending to be bound by it, he is liable for the commission despite the fact that he had no authority to contract for Muzzy."

The latest expression of a court of review on this issue is an opinion filed in this court on May 17, 1975, in *Ellis Realty v. Chapelski*, 28 Ill.App. 3d 1008. The court said, *inter alia*:

> "A seller engages a real estate broker to find a purchaser, and this is the extent of the broker's undertaking. * * * A real estate broker earns his commission when he produces a purchaser who is ready, willing and able to meet his principal's terms. * * * The broker can perform the services requested of him without

affecting the title to or possession of the property being offered for sale. Consequently, liability for payment of the commission does not depend on whether the principal has authority to enter into a binding contract to sell or to convey. The land trustee's participation is necessary to convey the trust property and under some circumstances may be required to execute a binding contract of sale, but the trustee's approval is not required to engage the services of a real estate broker or to authorize a broker to find a purchaser at a specified price." (Citations omitted.) 28 Ill.App.3d 1011.

In the absence of an "evident miscalculation of figures or an evident mistake in * * * description" (see Ill. Rev. Stat. 1973, ch. 10, par. 113—1), we find no merit in defendant's contentions that she should be liable for no more than one-third of the commission earned because she was a one-third beneficial owner. In view of the opinions expressed herein, we affirm the order of the circuit court confirming the arbitrator's award. We note, however, that the order confirming the award did not enter judgment thereon. Accordingly, although we affirm the confirmation order, we remand the cause to the circuit court for the sole purpose of entering a judgment order on the award.

Affirmed and remanded with directions.

DRUCKER and SULLIVAN, JJ., concur.