EDWARD F. PENNER *et al.*, Plaintiffs-Appellants, *v.* MARVIN W. FRISCH *et al.*, Defendants-Appellees.

Second District   No. 76-484

Opinion filed February 28, 1978.

Mark A. Braun, of Klohr, Braun, Lynch & Smith, of Chicago, and Caldwell, Berner & Caldwell, of Woodstock, for appellants.

Joslyn & Green, of Woodstock, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Plaintiffs, Edward and Jean Penner, signed a contract to purchase real estate. McHenry State Bank, as trustee, was shown as owner. Defendant Frisch, one of two beneficiaries under the trust, signed the contract as beneficiary of the trust and returned the contract, through real estate brokers, to plaintiffs. It appears that the brokers represented to plaintiffs that Frisch had full authority to contract to sell and direct the transfer of the land. Plaintiffs accepted the changes in terms by initialing them. Plaintiffs later received written notice that defendant would not perform the contract, and he did not perform. This action was brought for specific performance and on defendant's motion the cause was dismissed with prejudice. The court denied plaintiff's motion to vacate, reconsider, and to allow plaintiffs to plead over. Plaintiffs appeal from the dismissal and the denial of their motion.

We note that plaintiff's verified complaint alleges that the other beneficiary granted authority to Frisch to execute the contract in question. The motion to dismiss never treats this allegation. Because a motion to dismiss admits all facts well pleaded and reasonable inferences to be drawn therefrom (*Gartley v. Chicago Housing Authority* (1975), 28 Ill. App. 3d 705, 329 N.E.2d 252), we hold that it was error to dismiss the action where defendant admitted that he had full authority to convey. We note also that the court's denial of leave to amend the complaint was

based on its finding that there was no contract between the parties. The present state of the pleadings show that defendant had full authority to convey, and the record reveals that the trust agreement gives the beneficiary the power to control the selling. These facts, taken together with the purported contract, breathe life into that contract. We conclude that the trial court erred in finding there was no contract, and therefore erred in denying leave to amend. It appears that without other changes in the pleadings, plaintiffs may yet have relief, even without the signature of the trustee on the contract (see *Madigan v. Buehr* (1970), 125 Ill. App. 2d 8, 260 N.E.2d 431, and cases cited therein).

We accordingly reverse the dismissal of the cause, and remand with leave for both parties to amend their pleadings, and for further appropriate proceedings.

Reversed and remanded with directions.

NASH and BOYLE, JJ., concur.