JAY EMERICH, Plaintiff and Counterdefendant-Appellee, *v.* BERNARD LEVITON, Defendant and Counterplaintiff and Counterdefendant-Appellant—(Dot Chere E. McAvoy, Defendant and Counterplaintiff and Counterdefendant-Appellee).

First District (2nd Division)    No. 82—2272

Opinion filed September 6, 1983.

Paula M. Uscian, of Collins & Amos, of Chicago, for appellant.

Friedman & Koven, of Chicago (Lawrence M. Templer, of counsel), for appellee Dot Chere E. McAvoy.

JUSTICE PERLIN delivered the opinion of the court:

Plaintiff, Jay Emerich, brought an action against defendants, Bernard Leviton and Dot Chere E. McAvoy, to rescind a real estate contract he had entered into with Leviton and to recover the earnest money he had paid to McAvoy, a real estate broker who served as an escrowee. McAvoy filed a counterclaim against Leviton for a broker's commission. Emerich obtained a default judgment against Leviton and McAvoy was ordered to return Emerich's earnest money. No action was taken on McAvoy's counterclaim. The default judgment and the orders based on it were subsequently vacated because Leviton had not been served. Leviton thereafter answered Emerich's complaint and McAvoy's counterclaim. Leviton also filed a counterclaim against Emerich and McAvoy for the earnest money.

Following a bench trial, the circuit court found that Leviton had improperly executed the contract to sell the property. The court ordered the contract rescinded and allowed Emerich to retain the earnest money McAvoy had returned to him under the orders previously issued in this matter. The court entered judgment for Emerich and McAvoy on Leviton's counterclaims. The court also entered judgment

for McAvoy on her counterclaim against Leviton for a broker's commission and awarded her prejudgment interest. Finally, taking note of an agreement Emerich and Leviton had reached while this litigation was pending to share any commission McAvoy was ultimately awarded, the court ordered Emerich to indemnify Leviton for one-half of McAvoy's commission.

On appeal, Leviton contends that the trial court erred in rescinding the contract; in entering judgment for McAvoy on Leviton's counterclaim for the earnest money; in upholding McAvoy's counterclaim against him for her commission; and in awarding her prejudgment interest. For the reasons hereinafter stated, we affirm.

This cause was tried on the following stipulation of facts:

Emerich, as purchaser, and Leviton, as seller, executed a real estate sales contract on January 4, 1978. McAvoy served as the real estate broker in the transaction. Throughout the negotiations for the sale of the property, up to and including the date on which the contract was signed, title to the subject property was held in a land trust at the Exchange National Bank under Trust No. 32779, dated August 3, 1977. Leviton was one of the two beneficiaries of the trust and held an undivided 50% interest. The other beneficiary was Nicholas A. Karris.

Under the terms of the trust, the trustee was required to "make deeds for, or otherwise deal with the title to said real estate" only on the written direction of Leviton and Karris. The trust agreement also provided that "[t]he beneficiary or beneficiaries hereunder, in his, her or their own right shall have *** control of the selling [of the property] ***."

Before the contract for the sale of the property was executed on January 4, 1978, neither Emerich nor McAvoy knew that the property was owned in trust or that Leviton was a beneficiary of that trust. The contract did not indicate that title to the property was held in a land trust or that Leviton was a beneficiary thereof.

Paragraph 7 of the contract obligated Leviton to pay McAvoy a broker's commission of $10,000 at closing, which was to take place on February 10, 1978. Paragraph 5 of the Conditions and Stipulations of the contract provided in part that "[i]f this contract is terminated without Purchaser's fault, the earnest money shall be returned to the Purchaser ***."

Emerich paid $24,500 in earnest money to McAvoy who served as an escrowee. Three days before closing, on February 7, 1978, Emerich's attorney sent a letter to Leviton's attorney, Nicholas A. Karris (Leviton's cobeneficiary), stating that Emerich was repudiating

the contract.

We first consider Leviton's contention that the trial court erred in rescinding the contract to sell the property.

A beneficiary of a conventional land trust, when acting in his capacity as beneficiary, may enter into a valid contract to convey title to the trust property, if the trust agreement vests in him the sole right to direct the trustee to convey title. (See *First National Bank v. Oldenburg* (1981), 101 Ill. App. 3d 283, 287, 427 N.E.2d 1312, and the cases cited therein.) Where, as here, two or more beneficiaries share that right, a contract to sell the trust property is not enforceable unless all such beneficiaries consent to the sale. *Celeste Italian Foods, Inc. v. Choyce* (1972), 9 Ill. App. 3d 361, 363, 292 N.E.2d 177; *Page v. Fosco* (1980), 90 Ill. App. 3d 1113, 1115, 414 N.E.2d 89; *Kurek v. State Oil Co.* (1981), 98 Ill. App. 3d 6, 9-10, 424 N.E.2d 56.

There is no evidence in the parties' stipulation of facts that Nicholas A. Karris, the other beneficiary of the trust in the instant case, agreed to sell the trust property or granted Leviton authority to execute the contract in question. (See, *e.g., Penner v. Frisch* (1978), 57 Ill. App. 3d 947, 373 N.E.2d 777.) We therefore conclude that the contract was not enforceable against the purchaser, Emerich. Consequently, Emerich was entitled to repudiate the contract and to retain the earnest money payments that the broker, McAvoy, had paid to him under the court orders previously entered in this cause. In light of this determination, we need not address Leviton's second contention that the court erred in denying his counterclaim against McAvoy for the earnest money.

We next consider whether the trial court properly entered judgment in favor of McAvoy on her counterclaim against Leviton for a broker's commission of $10,000. In *Ellis Realty v. Chapelski* (1975), 28 Ill. App. 3d 1008, 329 N.E.2d 370, the court stated:

"A seller engages a real estate broker to find a purchaser, and that is the extent of the broker's undertaking. [Citation.] A real estate broker earns his commission when he produces a purchaser who is ready, willing and able to meet his principal's terms. [Citations.] The broker can perform the services requested of him without affecting title to or possession of the property being offered for sale. Consequently, liability for payment of the commission does not depend on whether the principal has authority to enter into a binding contract to sell or to convey." (28 Ill. App. 3d 1008, 1011.)

Thus, in cases involving land trusts, it has been held that the mere fact that the person employing a broker owned only a part interest in

the trust does not relieve him from liability to the broker for commissions whether or not he had authority to contract for his cobeneficial owner(s). (*Erbach & Haunroth Realtors v. Burnett* (1975), 31 Ill. App. 3d 236, 239-40, 333 N.E.2d 592; *Haas v. Cohen* (1973), 10 Ill. App. 3d 896, 900, 295 N.E.2d 28.) McAvoy was entitled to her commission regardless of the enforceability of the sales contract between Leviton and Emerich. See *Wolfenberger v. Madison* (1976), 43 Ill. App. 3d 813, 816-17, 357 N.E.2d 656.

Leviton, however, contends that McAvoy should not have received the $10,000 commission specified in the sales contract because the contract provided that the commission would be paid at closing. We disagree. Such language has been construed to fix the time of payment and not to make payment contingent upon closing. (*Webster v. Hochberg* (1969), 105 Ill. App. 2d 466, 477, 245 N.E.2d 529.) Moreover, even if we assumed that closing was a condition precedent to McAvoy receiving her commission, satisfaction of that condition was excused in this instance by Leviton's own conduct which prevented the sale from being consummated (*i.e.*, his failure to secure the consent of the cobeneficial owner). (*Haas v. Cohen* (1973), 10 Ill. App. 3d 896, 901, 295 N.E.2d 28.) "[T]he seller cannot take advantage of a condition precedent the performance of which he has rendered impossible." *Goldstein v. Rosenberg* (1947), 331 Ill. App. 374, 375, 73 N.E.2d 171.

■ Finally, Leviton contends that McAvoy should not have been awarded statutory prejudgment interest on her commission because he had an oral employment contract with her and the statute requires an "instrument in writing." (Ill. Rev. Stat. 1981, ch. 17, par. 6402.) Examination of the real estate contract, however, reveals that Leviton, Emerich and McAvoy all initialed paragraph 7 in which Leviton agreed to pay a broker's commission of $10,000 to McAvoy at closing. In our judgment, this satisfied the requirement of an "instrument in writing." See *Hamilton v. American Gage & Machine Corp.* (1976), 35 Ill. App. 3d 845, 853, 342 N.E.2d 758.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

STAMOS and HARTMAN, JJ., concur.