Preferred Risk Mutual Insurance Company, a Corporation, Plaintiff-Appellant, v. Kenneth Jacob Hites, Kenneth John Hites, Rock Island Bank and Trust Company, as Administrator of the Estate of James Haskins, Deceased, Rock Island Bank and Trust Company, as Administrator of the Estate of Odie Dowdy, Deceased, Clarence Kemp, Patsy Kemp, Bill Joe Box, Connie Box, Georgia Carter, Paul Brandt, Gary Archer, Ruth Casel, Gibraltar Insurance Company, a Corporation, Donald Barr, Moline National Bank as Trustee Under Trust No. 893 for the Benefit of Annie O'Klock, Dan O'Klock, Max O'Klock and Rose Marie O'Klock Skaladany, Homer Wilson, d/b/a Keg Tavern, Thomas A. Lundeen, Missouri Gravel Company, a Corporation, Floyd R. Hulbert, d/b/a Crystal Inn of Hampton, Illinois, and Garnett Harden, d/b/a La Chateau Lounge, Defendants-Appellees.

Gen. No. 70–1.

Third District.

June 24, 1970.

Rehearing denied July 22, 1970.

■■■■■■■■■■■■■■

Jack E. Horsley and Richard F. Record, Jr., Craig & Craig, of Mattoon, for appellant.

Harrison H. Kavensky, Winstein & Kavensky, Reidy, Katz, McAndrews, Durkee & Telleen, Klockau, McCarthy, Schubert, Lousberg & Ellison, of Rock Island, Dan H. McNeal, Jr. and Bozeman, Neighbour, Patton & Noe, of Moline, Durward J. Long, Long & Schrager, and Sam Skafidas, of East Moline, for appellees.

ALLOY, J.

Plaintiff, Preferred Risk Mutual Insurance Company, filed a complaint for declaratory judgment in which it sought a declaration as to whether it insured Kenneth John Hites under an automobile insurance policy issued to his father, Kenneth Jacob Hites. Plaintiff alleged that the failure to notify the plaintiff-company of a driver's license suspension of Kenneth John Hites relieves the company from responsible coverage of an automobile accident involving Kenneth John Hites. When plaintiff's third amended complaint was dismissed upon motion of defendants, plaintiff elected to stand on the complaint.

No evidence was presented in the trial court and the decision of the trial judge was based entirely upon pleadings and exhibits attached to pleadings. The pleadings disclosed that plaintiff originally issued a policy of insurance to defendant Kenneth Jacob Hites based upon an application for the policy dated May 4, 1957. In that application was the following recital:

> "No automobile license or permit to drive of mine or anyone in my household has been revoked, suspended or refused, except as specified hereon. All drivers listed above now have valid operator's licenses."

At that time Kenneth John Hites, son of defendant Kenneth Jacob Hites, was a member of the household of Kenneth Jacob Hites and was insured under the policy. After 1957, various intervening declarations prior to December 3, 1967, included a statement:

"No operator's license or permit to drive issued to the named insured or any member of his household has been cancelled, revoked or suspended."

It is disclosed that on July 31, 1967, plaintiff issued to Kenneth Jacob Hites, the father of Kenneth John Hites, an automobile policy which was attached to the complaint and which insured a certain automobile and extended liability coverage to members of the Kenneth Jacob Hites household, including Kenneth John Hites, his son. The complaint also disclosed that prior to December 3, 1967, defendant Kenneth John Hites had been guilty of three traffic violations occurring within one year which appeared on his record in the Secretary of State's office and that he had received a warning letter from the Secretary of State. Effective August 18, 1967, the driver's license of Kenneth John Hites was suspended until November 18, 1967. On October 4, 1967, an amended declaration changed the policy term from July 31, 1967, to a period commencing August 1, 1967, and extending to January 31, 1968. The amended declaration sheet covering the period from August 1, 1967, to January 31, 1968, contained the language "No operator's license or permit to drive issued to the named insured or any member of his household had been cancelled, revoked (or) suspended." On October 20, 1967, there was issued a notice of change of agent with a premium notice. On November 9, 1967, there was a further amended declaration showing premium reduction and a new policy term for the period July 31, 1967, to November 29, 1967. The declaration

sheet also contained the language with respect to members of the household not having had any operator's license cancelled, revoked or suspended.

On December 3, 1967, defendant Kenneth John Hites was involved in an automobile collision, as a result of which a number of claims were made against Kenneth John Hites.

Plaintiff in the complaint alleges that there was a duty upon defendant Kenneth Jacob Hites to disclose and reveal to plaintiff the existence of the suspension of the driver's license of defendant Kenneth John Hites (during the period from August 18, 1967 to November 18, 1967), on October 4, 1967, and on November 9, 1967, when the amended declaration sheets which have been referred to were issued to defendant Kenneth Jacob Hites. It is asserted that said defendant had a duty to refrain from concealing any such change or changes in the representation contained in the application for insurance to the effect that no automobile license or permit to drive of any member of the household had been cancelled, revoked or suspended. It is expressly asserted that defendant Kenneth Jacob Hites failed to advise plaintiff of the license suspension of his son, Kenneth John Hites, even though he knew of such suspension.

As a result thereof, plaintiff asserted that it did not cover Kenneth John Hites in the accident referred to and had no duty to defend Kenneth John Hites or pay any damages. Claims had also been made by numerous defendants as against several taverns alleged to have served liquor to Kenneth John Hites and such defendants are seeking reimbursement from Kenneth John Hites and they claim he is insured by plaintiff insurance company. Plaintiff accordingly prayed for declaratory judgment finding the policy did not cover the collision referred to in the complaint and that plaintiff had no obligation to defend Kenneth John Hites or pay any damages.

148

A number of exhibits are attached to the complaint including the policy, the various declarations and notices sent to the defendant Kenneth Jacob Hites and, also, there is a driver's license record of Kenneth John Hites. The exhibits also disclose that the declaration dated October 4, 1967, was to be effective August 1, 1967, and the declaration issued November 9, 1967, was to be effective July 31, 1967. Motions to dismiss the complaint were filed by defendants and after consideration by the trial court, such court entered an order dismissing plaintiff's complaint.

The issues before this Court are whether the trial judge had the power to enter an order dismissing plaintiff's complaint for declaratory judgment without hearing evidence as to the facts alleged, and, also, whether the trial court was correct in determining that plaintiff's declaratory judgment complaint did not state a cause of action.

■ It has been clearly established that if a complaint for declaratory judgment does not state a cause of action, the trial court may grant a motion to dismiss the complaint. While the courts of this State have emphasized that the declaratory judgment statute should be construed broadly (Illinois Power Co. v. Miller, 11 Ill App2d 296, 137 NE2d 78), the courts have emphasized that a complaint is still required to state a cause of action. This was clearly specified in the case of Gouker v. Winnebago County Board of Sup'rs, 37 Ill2d 473, at 478–9, 228 NE2d 881, where the court states:

> "Plaintiff argues that defendants' motion to dismiss admitted all well-pleaded facts and that dismissal under section 48 of the Practice Act, (Ill Rev Stats 1965, chap 110, par 48,) was not justified. 'Motions to dismiss or strike a pleading admit facts well pleaded, but not conclusions of law or conclusions of

149

fact unsupported by allegations of specific facts upon which such conclusions rest.' (Pierce v. Carpentier, 20 Ill2d 526, 531.) As noted in Berk, a number of separate grounds were alleged, many of which were neither specific nor complete and were almost the exact objections urged in the Adamowski case, and this court affirmed the dismissal. The allegations of this complaint are in turn practically identical with those in Berk. The complaint is largely in terms of abstract conclusions of law; and where facts are alleged, they are not sufficiently specific to support the conclusions. Under these circumstances the trial court was justified in granting the motion to strike."

■ As stated in LaSalle Cas. Co. v. Lobono, 93 Ill App2d 114, at 119, 236 NE2d 405, when the trial court considers a motion to dismiss the complaint, the court has no discretion in ruling on the motion, where the complaint states a cause of action. Where the plaintiff is entitled to no relief on the facts alleged, however, the complaint should be dismissed. To the same effect is Goldberg v. Valve Corp. of America, 89 Ill App2d 383, 233 NE2d 85. As a consequence, it is clearly established that the trial judge may properly dismiss the complaint for declaratory judgment if plaintiff is not entitled to the relief prayed for under the facts alleged in the complaint.

■■ Plaintiff contends that its complaint states a cause of action, on the theory that there was an actual controversy over the question of whether the policy of plaintiff did or did not insure Kenneth John Hites because of the failure of Kenneth Jacob Hites to notify plaintiff that the driver's license of Kenneth John Hites was suspended from August 18, 1967, to November 18, 1967. All of the facts required to determine such issue are set forth in the pleadings and, what plaintiff is requesting is a determination of a question of law, rather

150

than a disputed question of fact. Plaintiff contends that when the amended declarations were issued by the company on October 4, 1967, and on November 9, 1967, Kenneth Jacob Hites falsely represented that his son's driver's license had not been suspended by not notifying the company of the suspension. It is contended that such misrepresentation was material, and that the coverage was, therefore, voided as to the son Kenneth John Hites. The motions to dismiss all specifically set forth that although the amended declarations were issued October 4, 1967, and November 9, 1967, they were to be effective on August 1, 1967, and July 31, 1967. The motions to dismiss conclude, that on both August 1, 1967, and July 31, 1967, the driver's license of Kenneth John Hites had not been suspended, and that, therefore, there was no misrepresentation in the amended declarations. While the complaint is not clear as to the effective date of the amended declarations, the exhibits attached to the complaint show in fact that their effective dates were to be August 1, 1967, and July 31, 1967. In case of a conflict between exhibits and the allegations of the complaint, the exhibits control over general allegations (Goldberg v. Valve Corp. of America, 89 Ill App2d 383, 390, 233 NE2d 85). On the effective dates of July 31, 1967, and August 1, 1967, there was no suspension of the license of Kenneth John Hites. The written amended declarations were prepared by plaintiff, and should be construed strictly against plaintiff, particularly where enforcement would cause a forfeiture of liability coverage.

Plaintiff, while admitting the effect of technical compliance with the terms of the written declarations, contends that a contract of insurance is one which the parties must enter into in "utmost good faith." It refers to Lycoming Fire Ins. Co. v. Rubin, 79 Ill 402, at 403, where the court emphasizes that no false representations must be made which go to affect the risk; that there be

151

no concealment. The Lycoming case involved an insurance policy as to a stock of jewelry which the insured had fraudulently overvalued. Plaintiff also cites Palmer v. Bulldog Auto Ins. Ass'n, 294 Ill 287, 128 NE 499, where an automobile which was designed to be covered was stolen before the application for transfer was approved. Similarly, in Carroll v. Preferred Risk Ins. Co., 60 Ill App2d 170, 208 NE2d 836 (affd 34 Ill2d 310, 215 NE2d 801), applicant was involved in an automobile accident before the application was processed and approved. It was held there that the policy was not in force since the insured failed to notify the company of the accident prior to the issuance of the policy.

On the basis of such cases, plaintiff asserts that there should be a rule that there was a duty on defendant Kenneth Jacob Hites, in the instant case, to notify the insurance company when his son's driver's license was suspended for three months by the State of Illinois. Plaintiff cites no precedent which shows the existence of any such duty and any rule requiring the insured to notify the company could only be inferred from the line of cases such as have been cited by plaintiff.

There is no Illinois case directly in point on this precise issue. In other jurisdictions, the courts have held that if the insurance company makes no inquiry and the insured has made no representations as to a fact in question, then concealment, short of actual fraud, in respect to such fact does not void the policy (Stecker v. American Home Fire Assur. Co., 299 NY 1, 84 NE2d 797, 800). In the Stecker case the court, emphasizing what it termed the "ordinary" rule in such cases, concluded that, in absence of an inquiry by the insurer, there is no obligation on the part of the insured to volunteer facts which might affect the decision of the insurer to carry the risk. This is not construed to be such "concealment" as operates to void a policy. This rule places the duty on the

152

insurer to determine and advise the insured what information is required by the insurer before it would carry the risk or to continue to carry the risk. So far as precedents in this field are concerned, the cases have indicated that the only duty of the insured in this connection is to furnish such requested information without misrepresentation or fraud. In this State in Di Leo v. United States Fidelity & Guaranty Co., 50 Ill App2d 183, 200 NE2d 405, the court rejected the insurance company contention that policies were voided by willful concealment and misrepresentation by the insured (of pendency of a condemnation proceeding) and determined that absent any inquiry by the insurer on the point, the failure to so inform the insurer was not such "concealment" or "fraud" as would void the policies.

While it is unquestioned that parties to an insurance contract should act in good faith, it is reasonable to place the obligation and duty upon the insurance company to determine and advise the applicant or the insured, as the case may be, what information the insurance company must have before it will consider whether or not to insure the risk. Since the insured normally is a lay individual, and not particularly knowledgeable in the field of insurance risks, it seems unreasonable to impose on the insured a continuing duty to notify the insurer of any change which would materially affect the acceptance or continuation of the risk.

■ In the case before us, the third amended complaint obviously did not make an adequate showing of misrepresentation or of fraud. As we have indicated, the declarations speak as of their effective date and not as of the date upon which they were issued.

■■ Accordingly, we do not believe there is a duty of the type referred to, imposed upon an insured, and that the trial judge was correct in concluding as a matter of law that no such duty existed as to Kenneth Jacob Hites.

The facts in the instant case are completely different from situations where there is a loss during the period in which the application is being processed or where there has been a clear misstatement as to a material fact in an application for insurance before the insurance becomes effective. We find nothing in the policy of insurance which placed a duty upon defendant Kenneth Jacob Hites to notify the company of the driver's license suspension for the three month period of Kenneth John Hites. Certainly, there is no continuing duty on an insured under an automobile policy to notify an insurance company of a change in circumstances that affects the risk it has assumed under the policy. If such an onerous duty were placed upon an insured, an insured could never be certain that he had coverage under the policy. It is, therefore, our conclusion that the trial court correctly granted the motion to dismiss.

The judgment of the Circuit Court of Rock Island County will, therefore, be affirmed.

Affirmed.

RYAN, P. J. and STOUDER, J., concur.