GERALD M. GALLINA, d/b/a Gallery of Homes, Plaintiff-Appellant, v. ERMEL DOLLENS, Defendant-Appellee.

Fifth District   No. 78-484

Opinion filed August 8, 1979.

David Vaught, of Walker, Gende, Hatcher, Doyle and Giamanco, of Fairview Heights, for appellant.

Demetri Hassakis, of Hassakis and Hassakis, of Mt. Vernon, for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Jefferson County entered in favor of the defendant after the trial court had granted defendant's motion to dismiss plaintiff's two-count complaint and plaintiff had elected to stand on that complaint.

Both parties agree that the only issue for review is whether the complaint stated a cause of action.

Both parties also agree that a broker may be hired by any one of three methods: (a) implication, (b) oral or verbal contract, or (c) written contract usually in the form of a listing agreement.

Count I of plaintiff's complaint alleged that he was a licensed real estate broker; that defendant owned property in Mount Vernon, Illinois; that defendant entered into an oral listing contract with plaintiff for the sale of defendant's property at an agreed price, and that plaintiff produced a buyer ready, willing and able to buy at a price agreed upon. The complaint also alleged:

"That on or about January 21, 1977, defendant agreed to the terms contained in a written offer, signed by Edward Jones, and indicated her agreement to those terms by initialing the price term of the agreement; said Agreement * * * attached as Exhibit "C" * * *."

Exhibit "C" is a standard form agreement to purchase property prepared for the exclusive use of the Gallery of Homes. All entries are typewritten. The property listed thereon is "Jansen's Cleaning and Laundry." The purchase price indicated is $100,000, which appears in both written and numerical form. The figure "$100,000" has a line drawn through it and the figure "$155,000" is handwritten next to it with the initials "E.D." alongside. There are several typewritten notations on the form, in addition to the standard printed clauses. A notation at the top reads, "The contract will be binding as to terms on buyer and seller but seller will have attorney prepare formal contract and contract for deed (if necessary)." Notations near the mortgage clause provision of the form read: "Purchaser will agree to any reasonable terms of payment from payment in full to a contract for deed with down payment as directed by seller"; "Purchaser would prefer to pay in full but will work terms out with seller"; and "Purchaser reserves right to review Jansen/Dollens contract if it is to remain in effect after his purchase." The form has special signature blocks for all concerned parties and is signed in such spaces by the prospective purchaser, Edward R. Jones, and by the broker, Gerald Gallina. The space entitled "Acceptance" and acknowledging the broker's activities in procuring the offer and agreeing to pay him a 6% commission is blank. No signature of the plaintiff appears anywhere on the form.

The general rule is that, absent agreement to the contrary, a broker is entitled to a commission upon procurement of a purchaser, ready, willing and able to purchase on the terms specified by the seller. *Haas v. Cohen* (1973), 10 Ill. App. 3d 896, 295 N.E.2d 28; *John F. Fleming, Inc. v. Beutel* (7th Cir. 1978), 395 F.2d 21; see Real Estate Litigation §6.23 (Ill. Inst. Cont. Leg. Ed. 1978), for a further elaboration of authorities.

■■ Does the notation on Exhibit "C" to the effect that Edward Jones reserved the right to review the Jansen/Dollens contract if it was to remain in effect after the purchase negate plaintiff's contention that plaintiff furnished a buyer, ready, willing and able to buy? What does this language mean? Evidently there was some kind of a contract between Dollens, the owner of the real estate, and Jansen, the operator of the cleaning establishment. We can only speculate as to the exact nature of that contract. In any event, the purchaser had the right to approve or disapprove any existing contract between the seller and Jansen before he would be bound by the listing contract. This notation reflects a condition

on the buyer's offer to purchase and therefore indicates that he was not a ready, willing and able buyer on *any* terms which the seller might propose.

In case of a conflict between written exhibits and the allegations of a complaint, the exhibits control over general allegations. *Preferred Risk Mutual Insurance Co. v. Hites* (1970), 125 Ill. App. 2d 144, 259 N.E.2d 815; *Sharkey v. Snow* (1973), 13 Ill. App. 3d 448, 300 N.E.2d 279.

For the foregoing reasons we hold that the trial court did not err in granting defendant's motion to dismiss count I of the complaint.

Count II of the amended complaint purports to establish liability to pay the reasonable value of the plaintiff's services on behalf of the defendant due to an implied contract between the parties. These allegations are set forth as follows:

"4. That during the period from on or about August 1, 1976, until on or about February 8, 1977, a listing agreement was created by implication from the conduct and actions of the plaintiff with the consent and knowledge of the defendant upon the following terms:

A. A total purchase price of aforesaid property of $155,000.00.

B. $35,000.00 down and $120,000.00 financed at 8% for seven years with semi-annual payments of $11,222.04 principal and interest.

C. Except the first payment which was to be prorated from closing to May 15, 1977.

D. Closing would be on or before February 1, 1977.

E. The Contract for Deed would specify division consisting of $50,000.00 of real property and $105,000.00 of personal property."

The remaining allegations reiterate those in count I of the complaint, and specifically incorporate Exhibit "C" as substantiation thereof. Count II therefore suffers from the same infirmity contained in count I. Then, too, appellant has made no intelligible argument in his brief to sustain count II of this complaint and has cited no authority in support therefor. In our opinion count II does not state a cause of action and the trial court also properly granted defendant's motion to dismiss that count.

■■ We are mindful of the rule that the purpose of a complaint is to inform the defendant of a valid claim under a general class of cases and that an order of dismissal of a cause of action on the pleadings should be entered only if no set of facts can be proved which will entitle the pleader to relief. Therefore our review in this case is limited to a consideration of whether the plaintiff could prove a submissible case under the pleadings.

We have applied the foregoing test and hold that no set of facts can be proved in this case which would entitle the plaintiff to relief because of the language previously referred to contained in Exhibit "C".

For the foregoing reasons the judgment of the circuit court of Jefferson County is affirmed.

Judgment affirmed.

KUNCE and KASSERMAN, JJ., concur.