2020 IL App (1st) 182642-U

FIRST DISTRICT
SECOND DIVISION
January 28, 2020

No. 1-18-2642

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| DIRECT AUTO INSURANCE COMPANY, | ) | |
| | ) | Appeal from the |
| Plaintiff and Counterdefendant-Appellee, | ) | Circuit Court of |
| | ) | Cook County |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | No. 14 CH 09802 |
| BRANDIE GRIGSBY, EDWARD KMIECIAK, and | ) | |
| COTEY HUGHEY | ) | The Honorable |
| | ) | Peter Flynn, |
| Defendants | ) | Judge Presiding. |
| | ) | |
| (Edward Kmieciak and Brandie Grigsby, | ) | |
| Counterplaintiffs-Appellants) | ) | |
| | ) | |
| and | ) | |
| | ) | |
| BRANDIE GRIGSBY and EDWARD KMIECIAK, | ) | |
| | ) | |
| Third-Party Plaintiffs and Appellants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED AUTO INSURANCE AGENCY, INC., and | ) | |
| GEICO GENERAL INSURANCE CO., | ) | |
| | ) | |
| Third-Party Defendants and Appellees. | ) | |
| | ) | |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1       Defendants, Edward Kmieciak (Kmieciak) and Donna Grigsby (Grigsby) appeal the trial court's order granting summary judgment in favor of plaintiff, Direct Auto Insurance Company (DAIC), on its declaratory judgment action and denying defendants' motion for summary judgment. Defendants argue that the trial court erred in granting DAIC's cross-motion for summary judgment, because plaintiff improperly rescinded their auto insurance policy where defendants did not make any material misrepresentations on their insurance application. Defendants further contend that the trial court erroneously allowed DAIC to "mend the hold" by changing its basis for rescission of the policy in its amended complaint.

¶ 2       Defendants also appeal the trial court's judgment in favor of third-party defendant United Auto Insurance (UAI), arguing that UAI breached its duty of care by failing to disclose to Kmieciak that his insurance carrier was being changed from United Equitable Insurance to DAIC. Based on the following, we reverse in part and affirm in part.

¶ 3                              BACKGROUND

¶ 4       In October 2012, UAI applied for an insurance policy with DAIC on Kmieciak's behalf. Kmieciak was named as the applicant and primary driver and Grigsby was listed as an additional driver. The application also listed Kmieciak's address and garaging location as 2645 Granite Ct., Prairie Grove, IL. The application requested coverage for two vehicles – a 2007 Pontiac G6 GT Coupe and a 2007 Pontiac Grand Prix. Underwriting question 8 asked "Is any listed vehicle garaged outside of Illinois or away from listed residence for a substantial part of time?" and question 13 asked "Are any drivers listed on the application part time or temporary residents not

2

living in Illinois for a substantial part of the year?" The application indicated "No" for both questions.

¶ 5   The bottom of the application contained applicant and agent of applicant statements, which provided:

"APPLICANT STATEMENT: The applicant states that the application was read and attests that all answers are truthful and that said answers were made as an inducement to the insurance company to issue a policy, and it is a special condition of this policy that the policy shall be NULL and VOID and of no benefit or effect whatsoever as to any claim arising thereunder in the event that the attestations or statements in this application shall prove to be false or fraudulent in nature. It is understood that this application shall be part of the policy of insurance when issued and that it is intended that the company shall rely on the contents of this application in issuing any policy of insurance renewal thereof."

"AGENT OF APPLICANT STATEMENT: The agent of the applicant states that the information on this application was given to him by the applicant."

The application was signed by UAI as agent for Kmieciak.

DAIC issued a policy to Kmieciak effective October 4, 2012, providing liability and physical damage coverage for both automobiles and drivers. The conditions section of the policy provided:

"4. Fraud and Misrepresentation. Statements contained in the application are deemed to be representations relied upon by the Company in issuing this policy. In the event that any representation contained in the application is false, misleading or materially affects the acceptance or rating of this risk by the Company, by either direct misrepresentation, omissions, concealment of facts or incorrect statements, then coverage for the accident or loss in question shall not be

provided by the Company and/or this policy shall be null and void and of no benefit whatsoever from its inception. In the event that any representation contained in any notification of change is false, misleading or materially affects the acceptance or rating of this risk by the Company, by either direct misrepresentation, omissions, concealment of facts or incorrect statements, then coverage for the accident or loss in question shall not be provided by the Company and/or this policy shall be null and void and of no benefit whatsoever from the effective date of change. This paragraph shall also apply to misstatement of use and omission of fact. This policy shall not provide coverage for any insured who has made fraudulent statements or engaged in fraudulent conduct in connection with an accident or loss for which coverage is sought under this policy."

"17. Declarations. By acceptance of this policy the named insured agrees that the statements and representations contained in the Application have been made by him/her or on his/her behalf and said statements are representations and the statements in the Application and in any subsequent application or questionnaire accepted by the Company are offered as an inducement to the company to issue or continue this policy and that this policy is issued and continued in reliance upon the truth of such statements and representations and that this policy embodies all agreements existing between himself/herself and the Company relating to this insurance."

¶ 6    On March 9, 2013, Kmieciak and Grigsby were involved in an auto accident with a Florida resident in Jacksonville, Florida. DAIC was informed regarding the accident, and UAI notified Kmieciak that: "your policy has been declared Null and Void due to material representation. You currently reside in the state of Florida 6mos out of the year, your policy is cancelled as of its inception 10/4/12."

¶ 7    On June 11, 2014, DAIC filed the instant action seeking a declaratory judgment that it had

4

no obligation to provide coverage to defendants. DAIC alleged that Kmieciak made a material misrepresentation on his application for insurance, because an insured vehicle was garaged in Florida for a substantial time. Subsequently, DAIC filed an amended complaint, in which it also alleged that Grigsby resided in Florida at the time of the application and Kmieciak moved to Florida during the first policy period and failed to inform DAIC. Defendants filed a counterclaim for declaratory judgment and sanctions against DAIC for improper rescission of their insurance policy and unreasonable delay or denial of their claim. Defendants also filed a third-party complaint against UAI, an insurance producer, alleging that UAI was negligent when it failed to renew Kmieciak's policy with his original insurer, United Equitable Insurance, and executed a new policy with DAIC instead.

¶ 8        DAIC and defendants filed cross-motions for summary judgment, and the trial court granted summary judgment in DAIC's favor, finding that defendants were not entitled to coverage under the insurance policy. Following a bench trial on defendants' third-party complaint, the trial court also entered a judgment in favor of UAI. Defendants appeal, arguing that the trial court erred in granting summary judgment in favor of DAIC and judgment in favor of UAI.

¶ 9                                                ANALYSIS

¶ 10                                      Summary Judgment

¶ 11        Defendants initially contend that the trial court erred when it granted summary judgment in favor of DAIC and denied defendants' summary judgment motion, because there were no material misrepresentations contained in the insurance application and the trial court erroneously allowed plaintiff to "mend the hold" by amending its basis for rescission.

¶ 12        Summary judgment is appropriate where "there is no genuine issue as to any material fact and * * * the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c)

(West 2016). When the parties file cross-motions for summary judgment, the parties agree that no genuine issue as to any material fact exists and only a question of law is at issue; therefore, the parties invite the trial court to decide the issues based on the record. *American Service Insurance Co. v. United Auto Insurance Co.*, 409 Ill. App. 3d 27, 32 (2011).

¶ 13    However, the mere filing of cross-motions for summary judgment does not establish that there is no issue of material fact, nor does it obligate a court to render summary judgment. *Pielet v. Pielet*, 2012 IL 112064, ¶ 28. Summary judgment may be granted on cross-motions by the parties where "[i]t is clear that all material facts [are] before the court, the issues [are] defined; and the parties [are] agreed that only a question of law [is] involved." *Allen v. Meyer,* 14 Ill.2d 284, 292 (1958). If that is not the case, the trial court is required to make an independent determination as to whether a genuine issue of material fact remains. *Haberer v. Village of Sauget,* 158 Ill.App.3d 313, 317 (1987).

¶ 14    We review the trial court's grant of summary judgment *de novo*, construing the record strictly against the movant and liberally in favor of the nonmoving party. *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008). We may affirm on any basis found in the record, whether or not the trial court relied on that basis or its reasoning was correct. *Mitchell v. Village of Barrington*, 2016 IL App (1st) 153094, ¶ 25.

¶ 15                              *Material Misrepresentations*

¶ 16    Before turning to the merits of this appeal, we must address defendants' failure to provide an adequate record. The first part of this appeal is based entirely on summary judgment proceedings for which we only have a one-page order, stating that "[p]laintiff's motion for summary judgment is granted and defendant's motion for summary judgment is denied. The Court finds that the Defendants are not entitled to coverage under the Direct policy." The court based its

decision on "the reasons stated in the record," but appellants failed to provide a transcript of the proceedings. The appellant has the burden to present a complete record on appeal to support its claims of error. Ill. S. Ct. Rule 323 (eff. July 1, 2017); *Balough v. Northeast Illinois Regional Commuter R.R. Corp.*, 409 Ill. App. 3d 750, 770 (2011) citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 393 (1984). However, because our review is *de novo* and we may affirm on any basis found in the record, the lack of these transcripts does not bar our review of the propriety of the entry of summary judgment.

¶ 17 Additionally, both parties failed to comply with Illinois Supreme Court Rule 341. Rule 341(h)(7) (eff. July 1, 2017) requires that both parties shall include an argument section in their briefs, which shall contain their contentions and the reasons therefor, *with citation of the authorities and the pages of the record relied on*. Our "rules of procedure are rules and not merely suggestions." *Ryan v. Katz*, 234 Ill. App. 3d 536, 537 (1992). Thus, Rule 341's mandate detailing the format and content of appellate briefs is compulsory. *Rosestone Investments, LLC v. Garner*, 2013 IL App (1st) 123422, ¶ 18. Both parties' briefs are riddled with "facts" and argument without so much as a mention of the record or pertinent authority. This alone would justify forfeiture of most arguments and dismissal of the appeal entirely. However, where the record is short and the issues are relatively simple, we may choose to address an issue despite the parties' failure to provide appropriate citations to the record. *People v. Abram*, 2016 IL App (1st) 132785, ¶ 60. The record in this matter is not overly voluminous nor are the issues complicated. Accordingly, we have chosen to address the merits of the parties' arguments and base the following analysis on our own review of facts taken directly from the record.

¶ 18 Defendants argue that summary judgment in favor of DAIC was improper, because there were no misrepresentations contained in the insurance application which justify rescission of the

policy. In support, they allege that their vehicles were garaged in Illinois and they resided in Illinois at the time the application was submitted. They also argue that, although Grigsby accepted a job in Florida and lived with friends and family, she was never a Florida resident and her physical location was immaterial.

¶ 19    Section 154 of the Illinois Insurance Code (Code) establishes a two-prong test to determine whether an insurance policy may be voided and states, in pertinent part, as follows:

¶ 20    "No misrepresentation or false warranty made by the insured or in his behalf

in the negotiation for a policy of insurance, or breach of a condition of such

policy shall defeat or avoid the policy or prevent its attaching unless such

misrepresentation, false warranty or condition shall have been stated in the

policy or endorsement or rider attached thereto, or in the written application

therefor. No such misrepresentation or false warranty shall defeat or avoid

the policy unless it shall have been made with actual intent to deceive or

materially affects either the acceptance of the risk or the hazard assumed by

the company. 215 ILCS 5/154 (West 2012).

¶ 21    According to this section, first and foremost, there must be a false statement. *Golden Rule Ins. Co. v. Schwartz*, 203 Ill. 2d 456, 464 (2003). Second, the false statement must have been made with an intent to deceive or must materially affect the acceptance of the risk or hazard assumed by the insurer. *Id.*; *Ratliff v. Safeway Insurance Co.*, 257 Ill. App. 3d 281, 288 (1993). Therefore, a misrepresentation, even if innocently made, can serve as a basis to void a policy. *Id.*

¶ 22    Plaintiff alleges that the insurance policy in this case is void, because Kmieciak falsely answered "no" to underwriting questions 8 and 13. The insurance application in this case contained 14 underwriting questions, which the application stated "must be answered truthfully and

honestly" and "failure to do so may result in denial of coverage."

¶ 23    Question 8 asked "Is any listed vehicle garaged outside of Illinois or away from listed residence for a substantial part of time?" Plaintiff alleged that Kmieciak made a material misrepresentation when he answered "no" to question 8, because "[a]fter March 9, 2013, DAI[C] discovered that Kmieciak's [sic] garaged his vehicle in Florida for approximately 1/2 of the year, on a regular and yearly basis as Kmieciak owned a home in Jacksonville[,] Florida." However, aside from repeatedly asserting that Grigsby lived in Florida at the time of the application and Kmieciak moved to Florida shortly thereafter, plaintiff does not provide any evidence that either of the insured vehicles were garaged in Florida "for a substantial part of time" in October 2012.

¶ 24    On the contrary, Kmieciak's unrebutted deposition testimony states that Grigsby did not take her car, the 2007 Pontiac G6 GT Coupe, with her to Florida and that her car was garaged primarily in Illinois. The claims adjuster assigned to Kmieciak's claim, Rich Grabowski, also admittedly did not ask Kmieciak how long Grigsby's car was in Florida, if at all. There is simply no evidence that either of the defendants' cars were garaged outside of Illinois at the time the application was submitted and that Kmieciak made a material misrepresentation in response to question 8.

¶ 25    Question 13 asked "Are any drivers listed on the application part-time or temporary residents not living in Illinois for a substantial part of the year?" Plaintiff alleged that Kmieciak made a material misrepresentation in responding "no," because (1) Grigsby admittedly lived in Florida at the time the insurance application was submitted and (2) Kmieciak moved to Florida shortly thereafter. The plaintiff in a declaratory judgment action bears the burden of proof. *Tepper v. County of Lake*, 233 Ill. App. 3d 80, 82 (1992). In order to show that Kmieciak made material misrepresentations in response to question 13, plaintiff would have had to prove that either Grigsby

or Kmieciak was a "part-time or temporary *resident[]* not living in Illinois for a *substantial part of the year*" at the time the application was submitted.

¶ 26      The controlling factor in determining residency is intent, as evidenced primarily by the acts, of the person whose residence is questioned. *Farmers Auto Insurance Ass'n v. Williams*, 213 Ill. App. 3d 310, 314 (2001). Because a determination of residency depends on intent, it typically should not be made on a motion for summary judgment. *Id.* Indeed, "summary judgment is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." *Raprager v. Allstate Insurance Co.*, 183 Ill.App.3d 847, 859 (1989). Although summary judgment may still be granted if the record is sufficiently clear it must be denied if the facts are susceptible to different inferences by fair-minded persons. *Williams*, 213 Ill. App. 3d at 314.

¶ 27      The record in this case is unclear and reasonable persons could draw divergent inferences from the facts of this case. Defendants admit that Grigsby was physically located in Florida at the time the application was submitted. However, in her answers to interrogatories, Grigsby stated that she owned the home located in Illinois with Kmieciak and paid utilities for the property in 2012. Kmieciak testified that Grigsby relocated to Florida for work and stayed with family and friends with the intent of putting in a transfer to Illinois. Plaintiff relies solely on Grigsby's presence and employment in Florida in October 2012 in support of its position, which we find is insufficient to establish residency as a matter of law. An issue of fact remains as to whether Grigsby resided in Florida for a substantial part of the year at the time the application was submitted in October 2012.

¶ 28      Plaintiff also asserts that Kmieciak had a "duty to inform DAIC of this material change in information" when he relocated to Florida in January 2013, relying primarily on *American Service Insurance Co. v. United Automobile Insurance Co.*, 409 Ill. App. 3d 27 (2011). In *United*

*Automobile Insurance Co.*, Janice Baker applied for auto insurance in April 2003, stating that there were no vehicle operators in her household under 25 years of age. *Id.* at 28. At the time Baker submitted her application, her teenage son was living with her. *Id.* On May 4, 2003, Baker amended her policy to cover a new vehicle, but did not list her son as an operator at that time. *Id.* at 29. Baker's son received his learner's driving permit on May 14, 2003 and was involved in a car accident on June 10, 2003. *Id.* Upon submitting a claim, Baker stated that her son operated her vehicle 2-3 times per week after her application was submitted. *Id.* at 30. Baker's son obtained his driver's license in August 2003 and, sometime thereafter, Baker amended her policy again, but she did not list her son as an operator. *Id.* In February 2004, Baker's son was involved in another car accident and her insurer rescinded her policy as a result of material misrepresentation. *Id.*

¶ 29     As plaintiff correctly points out, we did hold that Baker had an obligation to inform her insurer that her son was a driver. *Id.* at 34. However, we also emphasized that while her son may not have been driving her vehicle in April 2003, he was certainly a driver at the time Baker amended her policy. We specifically noted that "the amended declarations page issued as a result of the May 4, 2003 request to update the vehicle information states that the ' insured warrants that there are no other drivers in the household other than those listed in the application or endorsement.' In their recorded statements, both Baker and [her son] recognized that he regularly drove the vehicle after the application was submitted." *Id.*

¶ 30     The facts in this case are entirely inapposite. At the time Kmieciak submitted his application in October 2012 he was living in Illinois and it is undisputed that he did not move to Florida until January 2013. Plaintiff does not allege that Kmieciak requested any amendments to his policy or that plaintiff requested updated information at any time. DAIC does not cite any applicable precedent in support of its position that Kmieciak had a duty to notify his insurer that

he was relocating to Florida in January 2013. Although Illinois law requires that an insurance applicant be truthful in response to an application's inquiry and during the negotiation process, the failure of an insured to inform the insurer of acts or conditions occurring *after issuance or renewal of the policy* will not avoid the policy. Couch on Insurance § 84:9 (3d ed. 2019); *Preferred Risk Mutual Insurance Co. v. Hines*, 125 Ill. App. 2d 144 (1970) (" . . . because the insured normally is a lay individual and not particularly knowledgeable in the field of insurance risks, it is unreasonable to impose on the insured a continuing duty to notify the insurer of any change which would materially affect the acceptance or continuation of the risk. There is no continuing duty on an insured under an automobile policy to notify an insurance company of a change in circumstances that affects the risk it has assumed under the policy.")

¶ 31     Additionally, the language of the Code itself belies DAIC's assertions. The Code requires that "[n]o misrepresentation or false warranty made by the insured or in his behalf *in the negotiation* for a policy of insurance, *or breach of a condition* of such policy shall defeat or avoid the policy or prevent its attaching unless such misrepresentation, false warranty or condition shall have been stated in the policy or endorsement or rider attached thereto, or in the written application therefor." 215 ILCS 5/154 (West 2012). DAIC does not allege that Kmieciak was a resident of Florida at the time the policy was negotiated, nor do they point to any condition in the policy itself that requires Kmieciak to notify DAIC of his intent to relocate for purposes of continuation of the policy. Accordingly, we find that Kmieciak did not misrepresent facts with respect to his residence at the time his submitted his application.

¶ 32                                    *Mend the Hold*

¶ 33     Defendants also contend that summary judgment in favor of DAIC was improper, because the trial court erroneously allowed DAIC to "mend the hold" by relying on a new basis for

cancelling defendants' insurance coverage. The "mend the hold" doctrine "prohibits a party who has repudiated a contract on one ground from changing his ground after litigation has begun and thus 'mending his hold'. " *Smith v. Union Automobile Indemnity Co.*, 323 Ill. App. 3d 741, 745 (2001). Cases in which this doctrine has been applied involve situations in which the offending party changed its initial reason for not performing a contract to a completely different reason during litigation. See *Larson v. Johnson*, 1 Ill. App. 2d 36 (defendant initially relied on defense that the contract at issue had been procured through fraud and misrepresentation then changed its position entirely, arguing that a lease provision in the contract was indefinite and unenforceable); *Coulter v. American Employers' Insurance Co.*, 333 Ill. App. 631 (1948) (court declined to consider insurer argument that the insured failed to give proper notice of an accident when it had previously based its denial of coverage solely on the contention that the accident at issue was outside the scope of the policy coverage).

¶ 34 First, DAIC did not completely change its reason for its denial of coverage. The initial correspondence received by defendants indicated that DAIC declared the policy null and void because Kmieciak lived in Florida six months out of the year. In its initial complaint, DAIC alleged that the policy was null and void because the insured vehicle was garaged in Florida for half the year, as Kmieciak owned a home in Florida. Subsequently, in its amended complaint, DAIC also alleged that the policy was null and void because Grigsby resided in Florida and Kmieciak moved to Florida after the application was submitted. Although somewhat convoluted, DAIC's general position from the beginning has been that Kmieciak made material misrepresentations in his insurance application because of the insured's connections with Florida. DAIC expanded the factual basis for the defense on which it relied – it did not entirely change its position. See *Smith v. Union Automobile Indemnity Co.*, 323 Ill. App. 3d 741, 746 (2001) ("mend the hold" doctrine

13

inapplicable where insurer originally alleged that water in insured's basement was flood water from the creek and subsequently asserted that water was a combination of flood water from the creek and surface water).

¶ 35    Second, defendants have not alleged or demonstrated that they were surprised or prejudiced in any way by DAIC's amended allegations. Courts will not apply the "mend the hold" doctrine in the absence of unfair surprise or arbitrariness. *Id.*; *Liberty Mutual Insurance Co. v. American Home Assurance Co., Inc.*, 368 Ill. App. 3d 948 (2006). Accordingly, the "mend the hold" doctrine is inapplicable in this case.

¶ 36                          Judgment for United Auto

¶ 37    Defendants' final contention on appeal is that the trial court erred in entering a judgment for UAI following a bench trial on defendants' third-party complaint. Again, defendants failed to provide a transcript of the trial proceedings or an acceptable substitute pursuant to Supreme Court Rule 323. Unfortunately, we cannot overlook their failure to comply with our rules on this issue. As the appellant, the burden is on defendants to present a sufficiently complete record of the trial proceedings to establish the claimed error and, in the absence of an adequate record, it is presumed that the order entered conforms to the law and is based upon a sufficient factual basis. *Chicago City Bank & Trust Co. v. Wilson*, 86 Ill. App. 3d 452, 454 (1980). The absence of a report of proceedings has been regarded as depriving a reviewing court of a basis for review of issues whose merits depend on the omitted matters, such as questions of the sufficiency of the evidence presented at trial. *Id.*

¶ 38    We review a judgment following a bench trial using a manifest weight of the evidence standard. *Battaglia v. 736 N. Clark Corp.*, 2015 IL App (1st) 142437, ¶ 23. "A judgment is against the manifest weight of the evidence only when an opposite conclusion is apparent or when the trial

court's findings appear to be unreasonable, arbitrary, or not based on evidence." *Id.* Because defendants failed to provide a transcript of the evidence presented at trial or a suitable alternative, we are unable to review the decision below and must presume that the trial court had a sufficient factual basis for its holding. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 14, 156-57 (2005).

¶ 39                                                              CONCLUSION

¶ 40        A genuine issue of material fact remains regarding whether Kmieciak made material misrepresentations on his insurance application. Accordingly, the judgment in favor of DAIC on its cross-motion for summary judgment and denying defendants' motion for summary judgment is reversed and this matter is remanded for further proceedings. The trial court's judgment in favor of UAI is affirmed.

¶ 41    Affirmed in part and reversed in part.