2026 IL App (1st) 250834-U
No. 1-25-0834

SIXTH DIVISION
March 27, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| WASHINGTON LAW OFFICES, | ) | Appeal from the Circuit Court of Cook County. |
| | ) | |
| Plaintiff-Appellant | ) | |
| v. | ) | |
| | ) | No. 2024 M1107873 |
| CANDEE HOFF, | ) | |
| | ) | |
| Defendant-Appellee. | ) | The Honorable |
| | ) | Gerardo Tristan, Jr., |
| | ) | Judge Presiding. |

JUSTICE PUCINSKI delivered the judgment of the court.
Justices Hyman and Gamrath concurred in the judgment.

**ORDER**

¶ 1     *Held*: We affirm the order entering judgment in favor of defendant-appellee where (1) nothing in the record supports plaintiff-appellant's claim that dismissal was premised on a "misnomer" and (2) without a transcript of the bench trial, the record is insufficient to evaluate the court's factual findings.

¶ 2     Plaintiff Washington Law Offices (Washington) appeals from the circuit court's order dismissing its action against defendant Candee Hoff. For the following reasons, we affirm.

¶ 3                                        BACKGROUND

¶ 4         This is an action by plaintiff Washington (a law firm) against Hoff, its former client. On March 21, 2024, Washington filed a complaint against Hoff, alleging that it previously represented Hoff in "a lawsuit filed against her for an eviction action."[1] The complaint set forth a single count for breach of contract against Hoff for failure to pay legal fees. The caption of the complaint mistakenly spelled Hoff's last name as "Hoof", although the correct spelling appeared elsewhere in the complaint and in documents attached thereto.

¶ 5         Attached to the complaint was an engagement letter from Washington to Hoff dated September 9, 2023, reflecting that Hoff retained Washington to represent her in unspecified litigation.[2] The letter set forth a fee arrangement by which Hoff would pay $3000 for Washington to "draft a motion to dismiss and one appearance in court," subsequent court appearances would each cost $500, and Washington would otherwise charge $375 per hour in the representation. The agreement was electronically signed by Hoff.

¶ 6         According to Washington, its efforts on behalf of Hoff lead to dismissal of the underlying case, but Hoff refused to pay the full balance owed despite being sent numerous invoices. The complaint attached an invoice reflecting a balance due of $1,264.35, including amounts billed by Washington for two court appearances in the underlying case, time spent on client emails, and late fees. Washington's prayer for relief sought recovery of the "Past due balance of $1,264.35."

¶ 7         The record reflects that Hoff was served on April 2, 2024. On May 14, 2024, the court entered an order reflecting that the case was "assigned to mandatory arbitration."

---

[1]         Hoff claims the nature of the underlying representation was a "dispute over a security deposit."

[2]         Under "Scope of Legal Services to be Performed," the letter stated that Washington's firm would perform services "set forth in Schedule A." However, the attached "Schedule A", simply said: "The Firm will represent the Client in his/her capacity. The Firm will: 1) Litigation."

¶ 8        The appellate record contains no transcript of the arbitration hearing. However, the record contains a "Mandatory Arbitration Award" reflected that, after a hearing on September 16, 2024, a panel of three arbitrators entered an award in favor of Hoff and against Washington. Shortly thereafter, Washington filed a "Notice of Rejection of Award" on a form that "request[ed] a trial before the court."

¶ 9        On October 2, 2024, Washington filed a motion for default judgment based on Hoff's failure to answer the complaint. The trial court subsequently entered an order allowing Hoff until November 25 to file an appearance to avoid default. On November 18, Hoff (proceeding *pro se*) filed an appearance and an answer. Hoff's answer admitted the existence of the letter agreement but denied that she owed any amount to Washington.

¶ 10        Following a hearing on March 20, 2025, the court entered an order stating: "This matter is set for an IN-PERSON Bench Trial on April 7, 2025" and directed the parties to exchange trial exhibits. There is no transcript or other report of the proceedings on April 7. However, on that date, the court entered an order stating (in handwriting):

> "This matter having c[o]me before this Court upon the trial on April 7, 2025. Plaintiff Washington Law Offices and counsel appearing in person and Defendant Candee Hoff appearing in person. After a bench trial the court has found in favor of the Defendant Candee Hoff. The court has found that the Plaintiff has not met its burden that the Complaint is deficient. This matter is immediately appealable."

¶ 11        On May 5, 2025, Washington filed a notice of appeal from the April 7, 2025 judgment. In it, Washington averred that "the trial court's ruling was based on a misnomer in the Defendant's last name on the complaint, which stated 'Hoof' instead of the correct last name 'Hoff.'

¶ 12                                                ANALYSIS

¶ 13        On appeal, Washington challenges the April 7, 2025 judgment in defendant's favor. Significantly, the parties dispute the nature of that judgment and the trial court's basis for it. Washington's brief characterizes the judgment as a "*sua sponte*" dismissal of its complaint "predicated exclusively on a clerical misnomer" in the spelling of defendant's name as "Hoof" instead of Hoff. Washington proceeds to argue at length that dismissal of a complaint based on a "misnomer" is improper under Illinois law, because a party should be able to correct such a clerical error without prejudice to its case.

¶ 14        Apart from arguments based on the unfairness of dismissal based on a "misnomer," Washington otherwise claims that the trial court erred because it "did not render a determination on the merits" on the breach of contract claim for unpaid legal fees. Washington claims that the "trial record contains substantial evidence" supporting its claim for unpaid fees, including invoices. Washington asserts that its "principal testified under oath during the trial" to substantiate that the firm was owed for the amounts reflected in the invoices. Washington does not cite to any trial transcript or other form of record of proceedings pursuant to Rule 323. See Ill. S. Ct. R. 323(c) (eff. July 1, 2017).

¶ 15        Hoff's *pro se* appellee brief tells a very different version of events. She denies that the judge dismiss the case because of any "typo" in the spelling of her name. Rather, she asserts that the trial court ruled in her favor after hearing testimony from the parties and reviewing "over 50 pages of exhibits." Elsewhere, Hoff asserts that she paid Washington $7,055.48 for the

underlying representation, but that she fired Washington's firm in late February 2025. Hoff claims the $1,264.35 invoice relied upon by Washington "included bogus Court appearances."

¶ 16    In additional to affirming the dismissal, Hoff also requests that we order the plaintiff to cease using debt collection agencies to harass her, and requests sanctions.

¶ 17    As discussed below, the state of the record compels us to affirm the judgment in Hoff's favor.

¶ 18    <u>Nothing in the Record Indicates that Dismissal Was Premised on a "Misnomer"</u>

¶ 19    Insofar as Washington's appeal argues the trial court erred in dismissing its case based on a "misnomer," we must reject it for a simple reason: there is simply no supporting evidence in the appellate record.

¶ 20    It is well-settled that the appellant (here, plaintiff Washington) has the "burden to present a sufficiently complete record" to support its claims of error. *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). "[I]n the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). "When there is a gap in the record that could have a material impact on the outcome of the case, the reviewing court will presume that the missing evidence supported the judgment of the trial court and resolve any doubts against the appellant. [Citations.]" *Midwest Builder Distributing Inc., v. Lord and Essex, Inc.*, 383 Ill. App. 3d 645, 655 (2007).

¶ 21    Although the bulk of Washington's brief claims the trial court dismissed the action based on a "misnomer," it cites no portion of the record supporting that premise, and we have found none in reviewing the common law record. Importantly, there is no transcript or other report of proceedings from which we can discern the court's findings in connection with its April 7, 2025

judgment. *Corral*, 217 Ill. 2d at 156 ("An issue relating to a circuit court' factual findings and basis for its legal conclusions obviously cannot be reviewed absent a report or record of the proceeding.") And there is nothing in the common law record to indicate that the judgment had anything to do with a misspelling of Hoff's name. To the contrary, the record on appeal states that the court held a "bench trial," rather than dismissing the case outright. Indeed, the latter portion of Washington's brief acknowledges that its representative "testified under oath during the trial."

¶ 22    As Washington identifies zero record support for its claim that the case was dismissed based on any "misnomer," we must reject any related arguments claiming error on this basis. See *id*. ("Without an adequate record preserving the claimed error, the reviewing court must presume the circuit court had a sufficient factual basis for its holding and that its order conforms with the law.")

¶ 23                    <u>The Record Is Insufficient To Find That Judgment In Hoff's Favor After</u>

<u>Trial Was Against the Manifest Weight of the Evidence</u>

¶ 24    This brings us to Washington's contention that the trial court "did not render a determination  on the  merits" on its breach of contract claim. Notably, this portion of Washington's brief acknowledges that there was, in fact, a bench trial. Washington says the "trial record contains substantial evidence substantiating" its claim of breach of contract, and that "Plaintiff's principal testified under oath during the trial" as to the amounts owed.

¶ 25    Washington directs our attention to invoices sent to Hoff as evidence that the court should have found in its favor. Significantly, however, there is no trial transcript or other record of proceedings from which to glean the content of trial testimony or specific findings of the trial

court. Given the scant record in this case, we have no basis to find error in the court's judgment in Hoff's favor.

¶ 26    The deferential standard of review is well-settled. "After a bench trial, we reverse a judgment only if it is against the manifest weight of the evidence. [Citation.] A decision is against the manifest weight of the evidence only when an opposite conclusion is apparent or when the findings appear to be unreasonable, arbitrary, or not based on the evidence." (Internal quotation marks omitted.) *Cadle Properties of Illinois, Inc. v. Fortune Investments, LLC*, 2021 IL App (1st) 200556, ¶ 23. This standard "affords great deference to the trial court because the trial court is in a superior position to determine and weigh the credibility of the witnesses, observe witnesses' demeanor, and resolve conflicts in their testimony." *Id*.

¶ 27    Here, the trial court entered an order reflecting that it conducted a bench trial before both parties and "found that the Plaintiff has not met its burden that the Complaint is deficient." This is consistent with the contention in Hoff's brief that the court heard testimony from both parties.

¶ 28    In its reply brief, Washington denies that the trial court "conducted a full bench trial", emphasizing that the April 7, 2025 written order lacks "reference to any substantive evaluation of the evidence or the parties' respective positions." Washington appears to suggest that we should find error because the trial court did not set forth its evidentiary findings in the written order.

¶ 29    The fundamental problem with Washington's position is that it ignores that it the appellant's burden to supply a sufficiently complete record of trial proceedings to support a claim of error. *Corral*, 217 Ill. 2d at 156. "Where the issue on appeal relates to the conduct of a hearing or proceeding, this issue is not subject to review absent a report or record of the proceeding." *Webster v. Hartman*, 195 Ill. 2d 426, 432 (2001). "[I]n the absence of a record of

what occurred in the trial court, we will presume that the trial court acted in conformity with the law and with sufficient factual basis." *Trapani Const. Co., Inc. v. Elliot Group, Inc*., 2016 IL App (1st) 143734, ¶ 32.

¶ 30    Without a transcript or other record of proceedings from the trial date, we cannot know the contents of the witness testimony, or any specific credibility findings by the trial court. In turn, we cannot evaluate whether any factual findings were against the manifest weight of the evidence. See e.g., *In re Anya Y*., 2012 IL App (1st) 111741, ¶¶ 5-6 (without the benefit of a trial transcript, this court cannot evaluate factual findings at bench trial); *Direct Auto Insurance Company v. Grigsby*, 2020 IL App (1st) 182642-U, ¶ 38  ("Because defendants failed to provide a transcript of the evidence presented at trial or a suitable alternative, we are unable to review the decision below and must presume that the trial court had a sufficient factual basis for its holding.)

¶ 31    Given the state of the record, we must presume that the court's order entering judgment for Hoff had a factual basis and that it conformed with the law. Thus, we must affirm the judgment in Hoff's favor and against Washington.

¶ 32                                Hoff's Request for Relief

¶ 33    Before we conclude, we briefly note that Hoff's appellee brief requests that we order plaintiff to "cease and desist" from using debt collection agencies to contact her about the amounts allegedly due for legal services. Hoff also suggests that we impose sanctions.

¶ 34    We cannot address the merits of these claims, as our jurisdiction in this appeal is limited to review of the April 7, 2025 order identified in Washington's notice of appeal.  See *Schittino v. Village of Niles*, 2024 IL App (1st) 230926, ¶ 21 (explaining "The appellate court is one of limited review" and "we may review only those judgments and orders that appellant identified in

their notice of appeal." (citing Ill. S. Ct. R. 303(b)(2)(eff. July 1, 2017)). If Hoff desires further relief from Washington beyond the dismissal of the underlying complaint, she must act first in the circuit court.

¶ 35                                          CONCLUSION

¶ 36          For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

¶ 37          Affirmed.